BARRETT v. GIMBEL BROS., Inc.

(Circuit Court of Appeals, Third Circuit. September 10, 1915. On Petition for Rehearing, October 26, 1915.)

No. 1935.

1. CARRIERS ⬰189—CARRIAGE OF GOODS—RATES—AGGREGATION.

An express company's rule, that two or more packages forwarded by one shipper at the same time to one consignee at one address must be charged for on the aggregate weight, provided that any of the packages weighing less than 20 pounds each shall be charged for as weighing 20 pounds each, restricts aggregation to instances where one shipper forwards several packages at the same time, and permits aggregation in such cases without regard to the amount of the merchandise rate, established by the company as the basis for rates on all classes of articles transported.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 162, 854, 855, 859–865; Dec. Dig. ⬰189.]

2. CARRIERS ⬰189—CARRIAGE OF GOODS—RATES—AGGREGATION.

The provision, in an express company's rule for aggregating weights and the charge on the aggregated weight, that, where the merchandise rate per 100 pounds is $1.50 or more, two or more packages forwarded by the same company from the same city or town on the same date to one consignee at one address must be charged for on the aggregate weight, if a lower charge is thereby made, extends the practice of basing charges on aggregate weights to cases where several shippers forward two or more packages on the same date, resulting in a lower charge, but restricts the rule of aggregating weights to cases where the merchandise rate per 100 pounds is $1.50 or more.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 162, 854, 855, 859–865; Dec. Dig. ⬰189.]

3. CARRIERS ⬰189—CARRIAGE OF GOODS—RATES—AGGREGATION.

An express company's rule that, where the basic merchandise rate per 100 pounds is $1.50 or more, two or more packages forwarded by the same company from the same city on the same date to one consignee at one address, whether from one or more than one shipper, must be charged for on the aggregate weight, if a lower charge is made thereby, and that, where the basic rate is less than $1.50, the aggregate charge on shipments from more than one shipper to one consignee forwarded from the same point on the same date must not be more than where the rate is $1.50, deals with two distinct situations, the first part of the rule

---

⬰For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

dealing with aggregate weights, and the last with charges, and several packages shipped by several consignors between points at which the basic rate is $1.50 or more must be aggregated, if the charge thereby made is lower than the total of the graduated charges for the packages under the general merchandise rates, and where the basic rate is less than $1.50 the aggregate charges on nonaggregated shipments must not be more than where the rate is $1.50, and the last provision of the rule fixes a maximum aggregated charge on nonaggregated weights of packages where the basic rate is less than $1.50, and the maximum charge is so fixed that the aggregate charges on nonaggregated packages shall not exceed the charge on aggregated packages shipped under the rate of $1.50 or more, thereby preventing a higher charge for a short haul than is demanded for the same gross weight on a long haul.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 162, 854, 855, 859–865; Dec. Dig. ☞189.]

4. COMMERCE ☞92—CARRIAGE OF GOODS—RATES—JURISDICTION.

The question of the construction of a rule of an express company providing for aggregating weights, to determine whether the company has been paid excessive charges, does not rest solely within the jurisdiction of the Interstate Commerce Commission, but the District Court has jurisdiction in an action by a shipper to recover alleged overpayments.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 142; Dec. Dig. ☞92.]

On Petition for Rehearing.

5. CARRIERS ☞189—CARRIAGE OF GOODS—RATES—AGGREGATION.

Under an express company's rule that, where the basic merchandise rate per 100 pounds is $1.50 or more, two or more packages forwarded by the same company from the same city on the same date to one consignee at one address, whether from one or more shippers, must be charged for on the aggregate weight, if a lower charge is made thereby, and that, where the basic rate is less than $1.50, the aggregate charge on shipments from more than one shipper to one consignee, forwarded from the same point on the same date, must not be more than where the rate is $1.50, the consignee cannot, where a large number of shipments are received, pick out packages of weights that will aggregate, and, by aggregating their weights, pay the aggregate rate on the selected packages and the graduated rates on packages of weights not capable of aggregation.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 162, 854, 855, 859–865; Dec. Dig. ☞189.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action by Gimbel Bros., Incorporated, against William M. Barrett, as President of the Adams Express Company. There was a judgment for plaintiff (218 Fed. 880), and defendant brings error. Reversed.

John L. Evans, of Philadelphia, Pa., for plaintiff in error.

William A. Glasgow, Jr., of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

WOOLLEY, Circuit Judge. Gimbel Brothers, the plaintiff corporation, conducts a large department store business in the city of Philadelphia, and for a period of six years prior to the institution of this suit, received daily from the Adams Express Company many packages

shipped from the city of New York. Commodities of different characters were shipped, as it is stipulated, under one rate, known as the merchandise rate, which between New York and Philadelphia is 75 cents per 100 pounds. Many of the packages, however, weighed less than 100 pounds, and were shipped at rates controlled by their weights, not proportionate to but graduated with respect to the hundred pound rate and also with regard to the peculiar burdens and cost incident to handling small articles. These are termed graduated rates. A graduated rate for a 20 pound package, based upon a 75 cent merchandise rate, is 40 cents.

It is claimed by the plaintiff that it was over-charged upon the small articles expressed to it, because of the failure of the Express Company to observe one of its rules, which, by the plaintiff's interpretation, permitted two or more consignors to assemble or aggregate several packages, each weighing less than 100 pounds, into one package weighing 100 pounds, and ship the same as one 100 pound package, and which permitted a consignee, in calculating charges on several packages of varying weights forwarded by two or more consignors, to select the smaller ones and aggregate their weights into units of 100 pounds, whereby, in either instance, the consignor or the consignee, in paying express charges, would be required to pay only the merchandise rate based upon the 100 pound unit of transportation, instead of paying the relatively higher graduated rates charged upon fractions of the unit, resulting in a higher total of charges. This is called "aggregation" or "aggregating weight," an example of which under Rule 9 (a) is that the plaintiff, by aggregating the weight of small packages to 100 pounds, would be required to pay but 75 cents for 100 pounds of several packages, instead of perhaps five times 40 cents, or five times the graduated rate upon each package of 20 pounds, the difference to Gimbel Brothers in such an instance being the difference between 75 cents for an aggregated hundred pounds, and $2.00 for 100 pounds separated into five packages.

This is not a full statement of what is claimed by the plaintiff under the rule, as a complete statement requires an interpretation of the rule, a recital and a consideration of a highly involved method of commodity classification and rate fixing, in detail and at a length too great to fulfill the present purpose of merely indicating the character of this controversy.

Whether the charges to the plaintiff upon its express business were made for proper amounts, that is, whether under the rule, the plaintiff could make its own selection of small packages for the purpose of aggregation, or was compelled to pay the graduated rates separately charged therefor, depends upon the interpretation of a rule respecting the aggregation of packages of different weights, each less than 100 pounds. The court must, therefore, first interpret the rule; second, determine whether the rule has been annulled by a Commodity Tariff; and third, whether the question presented in this case is one primarily or exclusively within the jurisdiction of the Interstate Commerce Commission, or is one which may be adjudicated by the District Court.

1. The record does not disclose the number or character of the arti-

226 F.—40

cles consigned in New York and delivered to the plaintiff in Philadelphia. This is not important, for it is stipulated that the proper rate charged therefor was the "merchandise rate." Furthermore, a single day's transactions are in evidence and stipulated to be representative of the general character of the express transactions in controversy, which extended over a period of six years, and are treated as a specimen day's business. It embraces the shipment on one day of 35 packages from different consignors in New York and delivered at one time to the plaintiff consignee in Philadelphia. It shows the packages were of different weights, ranging from 4 pounds to 70 pounds, and the actual charges made and how the packages of different weights might have been aggregated, by which a lesser total charge could have been made. The actual charges made upon packages not aggregated but some of which might have been aggregated, amounted to $4.45, whereas if the packages susceptible of aggregation had been aggregated upon selection by the consignee, the charges would have been $3.33, indicating an over-charge of $1.12 for deliveries made upon the specimen day. There is a further stipulation that if charges for that amount are found to have been improperly made upon that day, then the over-charges made during the six years in controversy amount to the sum of $1,108.42, for which, together with interest from a certain date, judgment should be entered for the plaintiff.

Judgment was entered by the District Court in favor of the plaintiff for the amount stipulated, and in this judgment error is assigned.

It is necessary first to inquire how rates are fixed and how they may be ascertained.

The basis of all rates is a merchandise rate, known and published as the "merchandise rate," which is a fixed charge per 100 pounds between points of shipment and delivery. While the merchandise rate is charged upon certain classified articles, it is not the rate upon all articles of merchandise, nor is it a rate that has especial relation to any particular class of articles. It is, rather, a rate arbitrarily adopted as the key to rates charged upon all classes of articles shipped between different points, which when established may be fractionally above or below the merchandise rate or may be the same as the merchandise rate. The points of shipment and delivery in the matter in controversy are New York and Philadelphia. Therefore, inquiry is made as to what is the merchandise rate, that is, the basic rate, for the transportation of 100 pounds of anything between these two points. By reference to printed tables it is ascertained that the merchandise rate, namely the rate per 100 pounds between New York and Philadelphia, is 75 cents. But weight is not the only element which enters into a rate upon a given commodity. Its value, bulk, solidity or fragility, enter. That being so, the Express Company issues from time to time an Official Express Classification. This Official Classification embraces every article susceptible of transportation and states the rate therefor, either by specific mention or by force of Rule 8, which gives a rate to every article not specifically classified. From a consideration of the complex and involved method by which rates for different articles are determined, we are happily spared, for it is stipulated in this case that the

articles which comprised the shipments upon which over-charges are claimed to have been made were of a class that carried the "merchandise rate."

Graduated rates are ascertained from a "Table of Graduated Charges" published in the Official Classification, showing the rates for packages weighing from 1 to 100 pounds, with relation to a given merchandise rate. This table discloses that when the merchandise rate on a given commodity is 75 cents per 100 pounds, the graduated rate for a package weighing 1 pound is 25 cents, 5 pounds 35 cents, 10 pounds 40 cents, 20 pounds 40 cents, 50 pounds 60 cents, 61 to 100 pounds 75 cents. If a shipper delivers for transportation under a merchandise rate but one package weighing less than 100 pounds, and the merchandise rate between the points is 75 cents, he can ascertain from this table the precise rate for the package. But if one party in New York were to consign two or more packages to a party in Philadelphia, each package weighing less than 100 pounds, and therefore carrying separately a rate graduated to the merchandise rate, or if several parties in New York were to consign several packages to the same party in Philadelphia, each likewise weighing less than 100 pounds, and each therefore carrying a rate graduated to the standard merchandise rate, they are confronted by a rule of the Express Company, which in the first instance allows, and in the second instance, it is contended, also allows the consignor or consignors to combine their packages either by physically tying them together or, what is usual, by making a calculation of their weights from the way-bills and aggregating the same so as to bring the consignments within the weight of 100 pounds, to which the merchandise rate applies, and which thereby permits them to get the lower rate upon that aggregate weight, rather than to require them to pay the relatively higher separate rates on each of the articles consigned. This is the rule which is submitted in this case for interpretation, and the rule is as follows:

### "9. Aggregating Weights.

"(a) Two or more packages forwarded by one shipper at the same time to one consignee at one local address, must be charged for on the aggregate weight, provided that any of the packages weighing less than 20 lbs. each shall be estimated and charged for as weighing 20 lbs. each and provided further that a lower charge is made by such aggregation. Actual weight of each package must be entered on the way-bill. See Exception (b).

"(b) Exception. Where the Merchandise rate per 100 lbs. is $1.50 or more, two or more packages forwarded with charges to collect, by the same Company, from the same City or Town, on the same date, to one consignee at one local address, whether from one or more than one shipper, * * * must be charged for on the aggregate weight, provided that any of the packages weighing less than 20 lbs. each shall be estimated and charged for as weighing 20 lbs. each, if a lower charge is made thereby. Where the rate is less than $1.50 per 100 lbs., the aggregate charge on shipments from more than one shipper to one consignee, forwarded from the same point on the same date, must not be more than where the rate is $1.50 per 100 lbs."

The controversy in this case had its origin in the meaning of Rule 9. The defendant Express Company maintains that the only portion

of the two paragraphs of the rule which requires interpretation is the last sentence, that the last sentence does not authorize the aggregation of weights of small packages forwarded by several consignors where the merchandise rate is less than $1.50, and that it means that where the merchandise rate is less than $1.50, the aggregate charge on such shipments must not exceed a definite maximum, namely, what would have been the charge on those shipments had the rate been $1.50. The plaintiff corporation maintains that in construing the rule, we are not limited to the last sentence of its two paragraphs, but that the whole rule is to be consrued, and that it means:

"That any number of shipments may be picked out of the shipments from more than one shipper to one consignee * * * and their *weights aggregated* and the charges assessed on the aggregate weight of $1.50 per 100 pounds, the other shipments not so selected being charged for separately at the merchandise rate per 100 pounds, applicable between those points."

Stated in the figures of the case, the plaintiff, when consignee of several packages of different weights forwarded by several shippers between points where the merchandise rate is 75 cents, claims the right to avoid payment of the relatively higher graduated rates on each package charged between the same points, by selecting the lighter packages and aggregating their weights into units of 100 pounds, and paying therefor, not the 75 cent merchandise rate charged between the actual points of shipment and delivery, but a $1.50 merchandise rate that prevails between other points.

The construction which will control the decision in this case must not be of a part or merely of a sentence of Rule 9, but of the whole of the rule. The rule is divided into two paragraphs, paragraph (a) being an announcement of the rule in chief, paragraph (b) being an exception to the rule as announced. The two paragraphs refer to three things, which, while in a measure connected, are nevertheless separable.

[1] Paragraph (a) provides that when one shipper forwards to one consignee two or more packages, each weighing less than 100 pounds, charges must be based on an aggregation of their weights, if thereby a lower charge is made. This rule is narrow in the sense that it restricts aggregation to instances where *one* shipper forwards several packages at the same time, and it is broad in the sense of permitting aggregation in such cases without regard to the amount of the merchandise rate.

[2, 3] Paragraph (b), which is an exception to the rule, is broad in the sense that it extends the practice of basing charges upon aggregated weights to cases where *several* shippers forward two or more packages upon the same date, resulting in a lower charge, and it is narrow in the sense of restricting this extension of the rule to those cases *"where the merchandise rate per 100 pounds is $1.50 or more."* It will be observed, therefore, that the rule and its exception are silent, and confer no right of aggregating weights in a situation, where goods are consigned by *two* or more shippers between points where the merchandise rate is *less* than $1.50, unless, indeed, it be conferred by a

construction placed upon the concluding sentence of the last paragraph. This sentence is:

"Where the rate is less than $1.50 per hundred pounds, the aggregate charge on shipments from more than one shipper to one consignee, forwarded from the same point on the same date, must not be more than where the rate is $1.50 per hundred pounds."

If this sentence means that express charges may be based upon aggregated weights, "where the merchandise rate per 100 pounds is" less than $1.50, as contended by the plaintiff, it means very nearly, if not precisely, the same thing as the preceding sentence, which provides charges by aggregation when the rate is $1.50 or more. If the concluding sentence of paragraph (b) contains the meaning contended by the plaintiff, that weights of packages "from more than one shipper" may be aggregated when the merchandise rate is less than $1.50 per 100 pounds, then the opening sentence of paragraph (b), which expressly authorizes the aggregation of weights of "two or more packages forwarded from * * * more than one shipper" where the merchandise rate per 100 pounds is $1.50 or more, means the same thing, making purposeless the distinction made with respect to rates of $1.50 or more and rates less than $1.50.

We are convinced, however, that the concluding sentence of paragraph (b) has a meaning, and that the meaning is different from that of the first sentence. In seeking the full meaning of the whole paragraph, let us find the object attempted to be attained by its two sentences. The object of the first is to require the weights of two or more packages forwarded by more than one consignor to be aggregated, if the result is a lower charge, in those cases in which the merchandise rate per 100 pounds is $1.50 or more. This is perfectly clear. Can we say that the purpose of the second sentence is to do the same thing, when the merchandise rate per 100 pounds is less than $1.50? If we can, then we say that aggregation of several packages shipped by several shippers is required by paragraph (b) in all instances, if a lower charge is thereby made, and entirely without regard to the amount of the merchandise rate, although the first sentence of the rule clearly says that such aggregation is required "where the merchandise rate per 100 pounds is $1.50 or more."

In construing the second sentence of the paragraph, we must give meaning to the words of the first sentence. The opening words of that sentence, namely, "Where the merchandise rate per 100 pounds is $1.50 or more," have a meaning and a controlling meaning upon the remainder of the paragraph. "Where the merchandise rate per 100 pounds is $1.50 or more" means when the merchandise rate per 100 pounds between two given points is $1.50 or more, then aggregation is provided and required. The last sentence of the paragraph opens with like controlling words, namely, "Where the [merchandise] rate is less than $1.50 per 100 pounds," something must be done. When language distinguishes, we look for some difference, and perhaps for some contrast. The first sentence contemplates something to be done when the rate is $1.50 or more. The last sentence contemplates something,

and we apprehend something different, to be done when the rate is less than $1.50. Each sentence deals with a situation determined and defined by the relation which the merchandise rate in each bears to a merchandise rate of $1.50. The two situations are different and distinct. Therefore, is it not evident that the thing intended to be done in one is likewise different from the thing intended to be done in the other? In this connection it is pertinent to note that the first sentence of the rule deals expressly with aggregate weights, the last sentence with aggregate charges, and that the first sentence, without the last, would be productive of trouble.

We can imagine a situation created by the first sentence of paragraph (b) in charging rates upon aggregated weights, where the merchandise rate is $1.50 or more, that might be very desirable to avoid. May it not be this? Several packages shipped by several consignors between points at which the merchandise rate is $1.50, are required by paragraph (b) to be aggregated, if the charge thereby made is in the aggregate lower than the total of the graduated charges for the packages. For instance, a 20 pound package between points bearing a $1.50 merchandise rate, as between New York and Pittsburgh, carries a graduated charge of 70 cents. The graduated charges for five such packages, if shipped and charged for separately, would be $3.50, but if aggregated, as they may be under the rule, the one charge for the five packages would be but $1.50. If five packages, each weighing 20 pounds, were shipped between points where a 75 cent merchandise rate prevails, as between New York and Philadelphia, and where, with respect to that rate, there is no rule requiring or allowing the aggregation of weights of packages consigned by *several* consignors, the rate per package is 40 cents, the total charge for the five packages would be $2.00. The result would be that five packages shipped from New York to Philadelphia over the shorter distance under the 75 cent merchandise rate, would cost 50 cents more than the shipment of five packages of the same aggregate weight over a greater distance from New York to Pittsburgh, where the $1.50 merchandise rate prevails. Therefore, to avoid the inequity or unfairness of charging more for a short haul than for a long one, we are of opinion that the concluding sentence of paragraph (b) was written.

In the instance of the shipment of packages with weights not aggregated, under the separate and graduated charges which maintain with relation to a 75 cent merchandise rate, the total of which but for the last sentence of paragraph (b) would amount to $2, and therefore 50 cents more than the charges based upon aggregated weights for a haul double the distance and double the merchandise rate, the rule provides in effect that the aggregate *charges* upon such non-aggregated shipments over the shorter haul, whatever they be, as figured from the Table of Graduated Charges "must not be more than where the rate is $1.50 per 100 pounds." Thus is given to the concluding sentence of paragraph (b) a reason connected with, but different from, that contained in the first sentence, and suggests a reason for the presence of the latter sentence in the rule, while no reason is suggested for its pres-

ence, if it means the same thing, with respect to aggregating weights, as the preceding sentence. There is fixed by the last sentence a maximum "aggregate *charge*" on non-aggregated weights of packages where the merchandise rate is less than $1.50. This maximum charge is so fixed that the aggregate charges on non-aggregated packages shipped under a lower rate shall never exceed the charge upon aggregated packages shipped under a higher rate, thus preventing what otherwise would frequently and surely happen, namely, a higher charge on a short haul than is demanded for the same gross weight upon a long haul.

In contending that weights of several packages shipped by *several* shippers from New York to Philadelphia may be aggregated, the plaintiff recognizes that the silence of the rule makes it impossible to aggregate weights of such a shipment under the 75 cent merchandise rate from New York to Philadelphia, but claims that it is entitled to be charged, by aggregation, the New York to Pittsburgh rate of $1.50 on such shipments from New York to Philadelphia. It urges this construction, because in an illustration from the specimen day, the total graduated charges on four packages shipped from New York to Philadelphia, based on the 75 cent rate, were 30 cents higher than the $1.50 merchandise rate on aggregated weights from New York to Pittsburgh. By this contention, the Philadelphia consignee of several articles shipped from New York by more than one shipper, appropriates so much of the Pittsburgh rate as carries with it the privilege of aggregation, and applies the Pittsburgh rate of $1.50 per 100 pounds to all articles susceptible of aggregation, and adheres to the Philadelphia merchandise rate of 75 cents per 100 pounds and the Philadelphia graduated rates for lesser weights on all articles that may not be aggregated. We find nothing in the rule that permits rates to be so intermixed. What we find is a method by which rates are established at, above and below a given level, and by which rates of a lower level are in no event permitted to be greater than those of a higher level. While this method withholds the privilege of aggregating weights on shipments by more than one shipper from New York to Philadelphia, it accords that privilege upon plural shipments where the rate is $1.50 or more, and thereby seems to give a preference to shipments bearing the higher rates. With the fairness of the rule, however, we have nothing to do. We are concerned only with its meaning. We are of opinion that the Express Company based its rates upon a proper interpretation of the rule, and did not over-charge the plaintiff.

2. Having reached the conclusion that the plaintiff was not overcharged, and for that reason cannot maintain this action, the second contention of the defendant, regarding its Commodity Tariff, does not require consideration.

[4] 3. We concur with the reasoning of the trial judge expressed in his two opinions, and approve his conclusion, that the matter in controversy is not one that rests either solely or primarily within the jurisdiction of the Interstate Commerce Commission, but is one of which the District Court has jurisdiction. In this connection we desire to repeat, that the matter in controversy before the District Court, and before this court on appeal, did not relate to the fairness of the defend-

ant's rules and did not involve questions of discriminatory rates. It extended only to the meaning of its rules and what were its rates.

The judgment below is reversed.

## On Petition for Rehearing.

The petition of the plaintiff for reargument is based upon one contention, which is, that the court's interpretation of Rule 9 (b) logically and inevitably leads to a judgment in its favor, because, if the purpose of the rule is to prevent a larger charge for a short haul than for a long one (as found by the court), the plaintiff is entitled to aggregate weights in order to attain that very object, and because, in considering the reason for the rule, the court employed an illustration, wherein, but for the rule, the total of graduated charges for carrying five packages over a short haul would be greater by fifty cents than the charge for carrying the same packages with weights aggregated over a long haul, and that this illustration disclosed the very fifty cents charged by the Express Company in violation of the rule and sought to be recovered in this suit.

The admission of the correctness of the court's premise and the challenge of the correctness of its conclusion are so directly, and, at first view, so persuasively made, that they merit consideration.

The illustration used by the court and now adopted by the plaintiff as its case, was not taken from the testimony, nor does it embody any of the facts of the case. It was purely imaginary and was used to show that the two sentences of Rule 9 (b) had different meanings, and to suggest the purpose of the second sentence in connection with the first, in view of situations certain to arise from it. In this illustration, the court took five packages, each weighing 20 pounds, consigned by several persons upon the same day for shipment over a long haul, where the merchandise rate was $1.50 or more," and where, therefore, aggregation of weights was allowed; and five packages of similar weights similarly consigned for shipment over a short haul, where the merchandise rate was "less than $1.50," and where, therefore, aggregation of weights was not allowed and separate graduated rates were charged.

This illustration, translated into figures, shows that, without the last sentence of Rule 9 (b), there would be a charge of $1.50 on aggregated weights of the five packages shipped over the long haul, and an aggregate charge of $2.00 on the graduated rates for the five separate packages shipped over the short haul, resulting in a charge of 50 cents more for the short haul than for the long one. But we found the rule prevented this, not by authorizing or requiring aggregation of weights of the packages shipped over the short haul, but by arbitrarily saying that in such a situation the "aggregate charge" for shipment of the five packages over the short haul "must not be more than" the charge for a like number of packages of the same weights shipped over the long haul, thereby making the "aggregate charge" for each haul $1.50.

This was a case suggested by the court to illustrate a reason for the rule, but this is not the plaintiff's case, nor may the five package illus-

tration be used by the plaintiff as a premise for its case, from which to make the deduction desired. The plaintiff's case is established by the evidence, which discloses a specimen day's business, comprising shipments by many consignors of 35 packages of varying weights, some of which are susceptible of aggregation into units of 100 pounds, and many of which are not. There is no similarity in point of fact between the specimen day's business, which constitutes the plaintiff's case, and the case stated in the opinion of the court to illustrate the reason for the rule. By the case as proven is the plaintiff bound, and by the case as proven must its rights be determined. The facts of the illustrated case and the real case being entirely different, the premises of the cases are likewise different, compelling a corresponding difference in deductions. The plaintiff seeks to make them similar by picking and selecting from the 35 shipments on the specimen day packages of weights that will aggregate 100 pounds, as, for instance, five packages of the weights used in the illustration. Having selected from the 35 shipments of the specimen day five packages that corresponded in weight with those in the illustration employed by the court, the plaintiff claims that its picked and selected case is within the illustration and within the conclusion deduced from it, and therefore, with respect to those five packages, it may appropriate the lowest known rate which carries the right of aggregation of packages shipped by more than one shipper, which is $1.50, and be charged the graduated rates on the remaining packages not susceptible of aggregation. But there is a difference in fact between the case illustrated and the case adjudicated. In the former, there was neither occasion, opportunity nor advantage in picking and selecting, because the weights of all packages aggregated precisely 100 pounds, and the rule against a higher charge for a short haul could arbitrarily be enforced, without aggregating their weights. The plaintiff's case comprised the shipment not of five but of thirty-five packages of varying weights, requiring a selection to bring a number within the facts and deduction of the illustrated case.

[5] By its claim of right to make such a selection for such a purpose, we are back to the old question, whether under Rule 9 (b) the shipper may pick and select out of a day's shipments, packages of weights that will aggregate, and by aggregating their weights, pay the aggregate rate on the selected packages and the graduated rates on packages of weights not capable of aggregation. The right to pick and select was the basis of the whole argument at the hearing. The plaintiff never attempted to aggregate the weights of the whole 35 packages nor claimed that the aggregate charges on the 35 packages for the short haul were greater than charges for a long haul, where the rate is $1.50. It claimed the right to pick and select, and then aggregate the selection and appropriate the lowest known rate carrying the right of aggregation. In entering judgment for the defendant, we passed upon that contention and denied the right to pick and select, and as it is upon the same contention that the plaintiff bases its petition for a rehearing, we are constrained to deny the petition.