## PENNSYLVANIA R. CO. v. WEBER.

(Circuit Court of Appeals, Third Circuit. December 10, 1920.)

No. 2568.

Commerce ⬤═98—On second trial after reversal of decree in suit to enforce award of Interstate Commerce Commission, evidence not presented to the commission may be considered.

Where a judgment against a railroad company in a suit to enforce an award of damages by the Interstate Commerce Commission for discrimination was reversed by the Supreme Court on the ground of the insufficiency of the evidence to sustain the award of the commission, and the case remanded for a new trial, the court on the second trial may properly admit additional evidence, not only such as was taken before the commission, but the testimony of new witnesses.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; J. Whitaker Thompson, Judge.

Action by Isaac C. Weber, surviving partner of W. F. Jacoby and Isaac C. Weber, trading under the firm name of W. F. Jacoby & Co., against the Pennsylvania Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

For opinion below, see 263 Fed. 945. See, also, 242 U. S. 99, 37 Sup. Ct. 49, 61 L. Ed. 165.

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Francis I. Gowen, of Philadelphia, Pa., for plaintiff in error.

William A. Glasgow, Jr., of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This writ of error involves the correctness of the rulings and charge of the court below on a second trial of the cause. We have had the benefit of full arguments by the able counsel concerned and after due consideration, we have reached the conclusion the court below committed no error and its judgment should be affirmed. As all questions involved are stated and disposed of by the court below in its opinion printed in full in 263 Fed. 945, refusing a new trial, and as it fully sets forth the facts and questions involved, and sufficiently states reasons justifying the court's action, we restrict ourselves to affirming the case on such opinion, simply noting these facts.

The suit was to recover an award of $21,094.39, being damages awarded the plaintiff by the Interstate Commerce Commission for alleged unlawful discrimination in car shipments. On the former trial a verdict was rendered against the defendant for such award and interest. On entry of judgment thereon, a writ of error was sued out by the defendant to this court. Thereupon it, being in doubt as to certain questions, certified the same to the Supreme Court for its opinion. That court issued a certiorari to this court, which brought up the entire record, where the judgment of the court below was finally reversed in an opinion reported at 242 U. S. 99, 37 Sup. Ct. 49, 61 L. Ed. 165. In its opinion, the Supreme Court said:

"It is urged that the testimony before the commission is not all in the record, and that, for aught that appears, the commission may have reached its conclusion and awarded damages upon other and competent proofs, and it is insisted that the coincidence of the amount as awarded and the amount ascertained by the use of the percentages contained in the tables may not necessarily have controlled the action of the commission. But it is difficult to reach the conclusion that the commission could have arrived at the result so exactly corresponding with the one obtained by the use of the percentages shown in the tables except by actually using them to ascertain the sum which is exactly the amount resulting from their application. The commission might have approximated the same result by using other and legal means to ascertain the damages sustained; but, when it is demonstrated that the use of the percentages precisely produces the amount awarded to the dollar and cent, it seems almost mathematically certain that the result could have been reached in no other way. At least, we think that the testimony was in such shape that, as we have already said, the company was entitled to the specific request upon this subject submitting the matter to the jury. For error in refusing to give this request in the charge, the judgment of the District Court must be reversed, and the case remanded to that court for a new trial."

It will be noted that on this former trial the only evidence before the court to support the award of the commission was a certain car distribution sheet known as Exhibit 10, which the Supreme Court, as stated in the extract quoted, held did not justify the award.

But on the present trial the plaintiff produced certain testimony which, while it had been given before the commission in its proceeding, had not been offered or considered by the court in the former trial. He also furnished the testimony of witnesses on the stand whose tes-

timony had likewise not been given in the former case. All this additional proof, the court, on such second trial, submitted to the jury, with instructions as to it, and also to the insufficiency of Exhibit 10, standing alone, to support the award, as follows:

"The report of the commission has been offered in evidence before you, gentlemen, and the law makes it prima facie evidence of the fact that the plaintiff has been damaged and the amount of damages which the commission awards. 'Prima facie evidence' means that if it is offered in evidence, and there is no testimony to contradict it, the jury are satisfied in taking it as sufficient evidence of the facts therein stated. I am speaking now of the report awarding damages. But the fact that it is prima facie evidence does not preclude it from attack, and the defendant has offered its evidence, and has argued to you, and you are instructed as a matter of law, that if the finding of the commission was based on that percentage derived from those tabulations, and there is no other sufficient evidence before the commission to establish these amounts, that the finding of the commission was an erroneous one, and the jury are justified in disregarding the report of the commission as evidence. It is a question for you gentlemen, therefore, to determine. There is other evidence before the commission which you have a right to take into consideration. There is evidence to the effect that some of the mines in that district, which were not operating at certain times, were nevertheless receiving cars. There is evidence to the effect that operators who were not demanding cars were receiving cars, having cars allotted to them. There is evidence to the effect, and it is so stated in the commission's report, that the defendant's employees were instructed to make a distribution of at least 500 cars daily to the Berwind-White Coal Company. There is evidence based on the testimony of Mr. Hutchinson, general manager of the Pennsylvania Railroad Company, to the effect that these 500 cars were distributed to other regions, and that additional cars were sold to the Berwind-White Company, amounting to 1,000, and to another company amounting to 700, and to another company amounting to 500, aggregating 2,200 which were distributed to another region.

"Under this state of facts the plaintiff contends. and has offered evidence to show. that if those coal cars had been distributed properly it would have made a difference of 640 cars distributable to that Tyrone region, and they have offered evidence to show that it would have made a difference in distribution of 640 coal cars over the whole Pennsylvania system per day, which consists of, I think, 9 or 10 regions, and that the quota distributable to the Tyrone region would thereby have been increased 67 cars daily, or about that. In determining whether the commission had before it evidence upon which it could base a finding of damages of $21,094.39 against the defendant and in favor of the plaintiff you will take into consideration all of the testimony that was offered before the commission, and you will also take into consideration in connection with the commission's report in case you find it is sustained by any evidence on which the commission could have found such a finding, or in which in your opinion such a conclusion would be reached, as a matter of fact, and you will take into consideration the other testimony which has been offered by the plaintiff in this case.

"The plaintiff contends that the 67 additional daily cars would have been sufficient to have given the region cars to the full extent of their rated capacity, and the plaintiff would have gotten theirs. The plaintiff, however, is suing on the award of the commission, and you would not be justified in the case in finding any damages in favor of the plaintiff in any greater amount than the commission has awarded and if you find that the evidence before the commission is not sufficient on which to justify the finding which the commission has made, then it would be for you to consider whether there is sufficient other evidence in the case which you independently can consider to sustain this award. The court, as a matter of law, instructs you that inasmuch as the basis of the plaintiff's suit is the award of the commission, that if you find from the evidence that the amount of damages awarded by the commission is not justified under the instructions I have given you, your verdict should be for the defendant. So that, if you find for the plaintiff, it must be

because you find that there was sufficient evidence'before the commission on which to base its finding, and that finding was not based on the fact that the other shippers .were getting during the first period 59.9 per cent. of the rated capacity and during the second period 59.6 per cent. of their rated capacity. It is for you to determine whether there is other evidence in the case which would justify the finding of the commission of the amount which they have found in this case."

Was the court in error in receiving such additional evidence on the 'second trial which the Supreme Court, be it observed, awarded? We see no other reason for which a new trial would have been so ordered than to afford an opportunity to the plaintiff to furnish additional testimony. Of this testimony the trial court said, in disposing of the motion for a new trial:

"In the present trial, other evidence was introduced, embodying not only the testimony taken before the commission, but the testimony of witnesses to establish the preferential and discriminatory practices in relation to the special allotments of cars and the diversion to other divisions of'the defendant's fuel cars sold to shippers. Under these circumstances, it was the duty of the court to allow all competent evidence to go to the jury and to have them determine the questions of fact, including the question as to whether there was any other evidence before the commission to sustain an amount of damages coinciding with the amount which it would have awarded if Exhibit No. 10 had been the basis of their award."

On a review of the whole case, we are of opinion that on the second trial the court charged as a matter of law, and gave full effect to what had been decided by the Supreme Court in reviewing the first trial, and that upon the changed situation which arose in the second trial it committed no error in receiving the new additional testimony and submitting it to the jury as it did.

The judgment below will therefore, as we have said, be affirmed.