PENNSYLVANIA RAILROAD COMPANY *v.* WEBER, SURVIVING PARTNER OF JACOBY AND WEBER, COPARTNERS, TRADING UNDER THE FIRM NAME OF W. F. JACOBY & COMPANY.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE THIRD CIRCUIT.

No. 210. Argued October 13, 1921.—Decided November 7, 1921.

1. In an action to enforce reparation awarded a shipper by the Interstate Commerce Commission as damages resulting from unfair practices of the defendant carrier in the distribution of coal cars, the findings and order of the Commission are *prima facie* evidence of the facts therein stated. P. 90.
2. In such an action the award, though its amount appear by the Commission's own record to have been calculated upon an erroneous basis, (see s. c. 242 U. S. 89,) may be sustained by evidence before the Commission, supplemented at the trial, tending to prove that damages equal to the award resulted from the unfair practices condemned by the Commission, as shown by its report. P. 91.

269 Fed. Rep. 111, affirmed.

ERROR to a judgment of the Circuit Court of Appeals which affirmed a judgment for damages entered upon a verdict in the District Court, in an action to enforce a reparation order of the Interstate Commerce Commission. See s. c. 242 U. S. 89.

*Mr. Henry Wolf Biklé*, with whom *Mr. Frederic D. Mc-Kenney* and *Mr. Francis I. Gowen* were on the brief, for plaintiff in error.

*Mr. William A. Glasgow, Jr.,* for defendant in error.

Mr. Justice Day delivered the opinion of the court.

This cause has been the subject of much and long continued controversy. This is its third appearance in this court. The previous history of the litigation is set out in 242 U. S. 89. The action is based upon a reparation order made by the Interstate Commerce Commission in favor of Jacoby & Company. A recovery was had in the sum awarded by the Commission, with interest. At the first trial plaintiffs did not introduce the record of the testimony before the Commission. The defendant railroad company introduced testimony tending to show that the Commission in making its award of damages had used a table, attached as exhibit 10 to the record of the case, showing a discrimination of the railroad company against the plaintiffs in the distribution of coal cars in times of shortage, and produced a witness who testified that the effect of the use of the percentages in that table as the basis of awarding damages by the Commission was to give plaintiffs the undue preference in the distribution of coal cars which favored shippers had received. That being so, this court held that the recovery of a sum thus arrived at would defeat the purpose of the act to place shippers on a basis of equality. For the refusal of the trial court to give a charge based upon such use of the table the judgment of the Circuit Court of Appeals for the Third Circuit, affirming that of the District Court, was reversed, and the cause remanded for a new trial. The second trial in the District Court resulted in a verdict and judgment for the plaintiffs in the sum awarded by the Commission with interest. 263 Fed. 945. That judgment was affirmed

by the Circuit Court of Appeals, 269 Fed. 111, and the case is again here.

We need not repeat the discussion concerning distribution of cars in times of shortage which was held to result in undue advantage. See 242 U. S. *supra,* pp. 90, 91; *Hillsdale Coal & Coke Co.* v. *Pennsylvania R. R. Co.,* 19 I. C. C. 362, 363, 364.

At the last trial the testimony before the Commission was put in evidence, with some additional testimony tending to show that plaintiffs had been discriminated against because of the special allotment to the Berwind-White Company of five hundred cars daily; and the sale to it, and to other companies, of a large number of cars in times of car shortage. There was evidence tending to show that but for these discriminations the plaintiffs would have received a sufficient number of cars to furnish them with all they needed during the periods complained of.

The Commission in the report condemned the practice of giving to the Berwind-White Coal Company five hundred cars daily by special allotment, and the selling of the company's own cars during the same period to favored shippers, thereby diminishing its capacity to supply the coal car requirements of other coal companies along its line.

When the Commission came to assess damages it allowed the plaintiffs $21,094.39 with interest from June 28, 1907. The order on which this award was made is set forth in 242 U. S. *supra.* Upon the new trial, with the additional testimony and the whole record of the Commission introduced in evidence, the judge, after charging the jury that there might be a recovery if the discriminations alleged and proved resulted in damages in the sum awarded by the Commission, charged:

" If you should find that the conclusion of the Interstate Commerce Commission that the plaintiff in the year ending April 1, 1905, should have received cars equal in

capacity to 59.9 per cent. of the aggregate of their mine's daily rating, and in the period between April 1 and October 18, 1905, cars equal in capacity to 59.6 per cent. of the aggregate of their mine's daily rating—if you should find that that conclusion was reached or arrived at because of the evidence presented by the plaintiff that the aggregate of the cars placed by the defendant at certain mines which had been selected for the purpose of comparison from those comprised in the region in which the plaintiff's mine was located, had been equal in the earlier period to 59.9 per cent. and in the later period to 59.6 per cent. of the aggregate ratings of these selected mines, [These being the percentages of cars given to preferred companies as shown in Exhibit 10.] for the basis of the Commission's conclusion, then the award was an erroneous one, and under those circumstances the finding of the Commission would lose its effect as prima facie evidence, and you would only be justified in finding for the plaintiff if you find that from the other evidence offered before the Commission, either of discrimination through distribution to favored shippers in the Tyrone region or through withholding cars from the Tyrone region, which should have been distributed there, the Commission was justified in arriving at that conclusion. If you find that the Commission was justified in arriving at that conclusion, or are satisfied from that evidence, and that evidence is reinforced by further evidence that the plaintiff has offered in the case, then you would be justified in finding a verdict in favor of the plaintiff, and assessing damages at the amount found by the Commission.

" If, however, you should find that that was an erroneous finding, then it would be your duty to find to what extent the plaintiff was damaged, I mean in case you find that the plaintiff was actually damaged you would have to find to what extent the plaintiff was actually damaged. If you leave out the evidence before the Commission the

Court is unable to say that there is any other evidence standing alone which would be sufficient, but the evidence which was before the Commission has all been offered before you, and some additional testimony. The proper basis of damages in that case, if the Commission has not reached the proper basis, would be upon the theory set out in the Commission's report, but not based on a comparison between what the favored shippers received and what the plaintiff received.

" If the plaintiff is entitled to recover and has suffered damages, the measure of damages would be the loss in operating, upon the coal that was actually shipped, through discrimination in favor of other shippers, together with the profits it would have made on the coal they would have been able to ship. The question as to what coal they would have been able to ship is a question for you gentlemen to decide under the evidence in this case. You have had the schedules laid before you, counsel have argued the case to you and explained the grounds on which they respectively base their demand on the one side and the defense on the other, and the questions of fact are for your determination. The defendant has offered in evidence, and has shown you these facts, in regard to the 59.9 per cent. and the 59.6 per cent., and as I have already instructed you, if you find the Commission's finding was based on that, then the Commission's finding as to the amount of damages suffered should not be considered by the jury, but the jury will be obliged independently, if they can do so, to arrive at a proper amount of damages.

" If the jury do not believe that the plaintiffs suffered any damages, or do not believe that they were discriminated against in favor of other shippers, either by the distribution of cars that were sent into this region or by the failure of the railroad company to send cars to the Tyrone region which should have been distributed there, then it

would be your duty to find a verdict in favor of the defendant."

As there was substantial testimony in the record to support the finding of the Commission in awarding damages in a sum at least equal to the amount assessed by it, the principal question to be decided is: May a plaintiff recover in such circumstances in a suit based upon a reparation order of the Interstate Commerce Commission when there is testimony fairly tending to show that recovery was justified because of unfair practices in the distribution of coal cars in times of shortage, which practices, as its report shows, were condemned by the Commission, although it may appear that the sum awarded by the Commission was actually based upon an erroneous calculation?

In determining the rule to govern this situation we must bear in mind that the Commission is empowered to act upon questions of unfair practices and discrimination. *Pennsylvania R. R. Co.* v. *Clark Coal Co.*, 238 U. S. 456, and the previous cases in this court cited at p. 469. While this is true, when an action is brought upon a reparation order of the Commission, as it may be under § 16 of the Act to Regulate Commerce, its findings and order are *prima facie* evidence of the facts therein stated. *Meeker* v. *Lehigh Valley R. R. Co.*, 236 U. S. 412; *Second Meeker Case*, 236 U. S. 434; *Mills* v. *Lehigh Valley R. R. Co.*, 238 U. S. 473. These cases have disposed of the question of the right of the defendant to attack the *prima facie* value of the award, and have dealt with the nature of the award of the Commission in view of the statutory provisions as to its character.

That the Commission used a wrong basis in awarding damages, now that the whole record is before us, admits of no doubt. Indeed, the coincidence in the award made and the use of the percentage table shown in Exhibit No. 10 is difficult to account for except upon the basis pointed

out by the witness introduced by the defendant, whose testimony was made the basis of the request to charge, the refusal of which led to the reversal of the judgment in 242 U. S. *supra*.

The defendant in error argues that the Commission could not have used this table because it covers a different period of operation as evidenced by the number of days shown than the Commission found to have been the period covered by the operation of the plaintiffs' mine. Nevertheless, the coincidence of percentage and award remains, and the conclusion is inescapable that the Commission in determining the sum awarded used percentages which had the effect of placing the plaintiffs on a basis of equality with the favored companies. On the other hand, there is testimony tending to show that had the cars been distributed upon a basis of general equality approved by the Commission, and without resort to practices condemned by it, there would have been cars enough to have furnished plaintiffs with a sufficient number to meet their trade and requirements during the period in question. Under the circumstances here shown, when the case is fairly and fully submitted, as it was in the charge of the judge to the jury, giving a correct basis upon which there might be a recovery of damages, and there is testimony tending to show damages in at least the sum awarded by the Commission, there is no prejudicial error because of the erroneous calculation of the Commission which was the basis of its award.

Other questions are argued, but they are disposed of satisfactorily in the opinion of the Circuit Court of Appeals (269 Fed. *supra*), and in the opinion of the trial judge upon the motion for a new trial (263 Fed. *supra*).

It follows that the judgment of the Circuit Court of Appeals must be

*Affirmed.*