**KRAUSS BROS. LUMBER CO. v. MELLON, Director General of Railroads, et al.***

(Circuit Court of Appeals, Fifth Circuit. April 7, 1927.)

No. 4910.

1. Commerce ☞88—Interstate Commerce Commission's order, though generally necessary for recovery of railroad's overcharges, is not conclusive of facts therein stated.

While order of Interstate Commerce Commission is necessary in most instances before recovery of railroad's overcharges may be had, it is not conclusive, but only prima facie evidence of facts therein stated, establishing rebuttable presumption.

2. Appeal and error ☞989—Evidence before District Court, in action on Interstate Commerce Commission's reparation order, including evidence adduced before Commission, may be considered by appellate court in considering Commission's findings.

In appellate court, evidence adduced before Interstate Commerce Commission in hearing as to railroad's overcharge, if offered on trial in District Court in action on Commission's reparation order, and any additional evidence properly received, may be considered in support of or to correct findings stated in order.

3. Appeal and error ☞997(3)—Ruling on motions of both parties for instructed verdict must be affirmed, if any evidence supports verdict.

Where both parties ask court for instructed verdict without more, and error is assigned only as to rulings of court on motions, appellate court must affirm, if there is evidence to support verdict.

4. Courts ☞405(16)—Rule allowing original papers to be sent up to Circuit Court of Appeals is applicable to exhibits difficult or impossible to incorporate in printed record (Circuit Court of Appeals rule 14, par. 4).

Rule 14, par. 4, of the Circuit Court of Appeals, providing that original papers may be sent up to appellate court, was intended to permit transfer of disputed documents maps, blueprints, models, and exhibits impossible to incorporate in printed record.

5. Courts ☞405(16)—Evidence not found in bill of exceptions cannot be considered on appeal (Circuit Court of Appeals rule 14, par. 4).

Evidence not found in bill of exceptions cannot be considered on appeal, though it was sent to Circuit Court of Appeals under order of trial judge pursuant to rule 14, par. 4, of such court.

6. Exceptions, bill of ☞49—Parties' affidavits or agreements cannot cause that which is not bill of exceptions to become such.

Parties, by affidavits or agreements, cannot cause that to become bill of exceptions which is not such in legal sense.

7. Appeal and error ☞695(2)—Direction of verdict, after both parties moved for instructed verdict, cannot be reversed, where all evidence is not in bill of exceptions.

Judgment, directing verdict for defendant after both parties moved for instructed ver-

*Rehearing denied May 23, 1927.

18 F.(2d)—24

dict without more, cannot be reversed, where all evidence is not in bill of exceptions, since judgment must be affirmed, if there is any evidence to support such verdict.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action by the Krauss Bros. Lumber Company against Andrew W. Mellon, Director General of Railroads, as Agent, and others. The court directed a verdict for the defendants, and plaintiff brings error. Affirmed.

Brenton K. Fisk, of Washington, D. C. (Harry S. Elkins, of Washington, D. C., and J. P. Mudd, of Birmingham, Ala., on the brief), for plaintiff in error.

Sidney P. Smith, of Birmingham, Ala., and Alexander M. Bull, of Washington, D. C. (Stokely, Scrivner, Dominick & Smith, of Birmingham, Ala., and Sidney F. Andrews, of Washington, D. C., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Plaintiff in error, plaintiff below, filed suit to recover $10,356, based on a reparation order of the Interstate Commerce Commission. The order annexed to the pleadings shows that plaintiff shipped certain carloads of lumber from various points in Mississippi, Alabama, Louisiana. and Texas, where it had mills, consigned to designated stations on the lines of defendants' railroads; some shipments being made before and some during federal control. The lumber had not been sold when shipped, but before or after arrival at the initial destinations plaintiff sent reconsignment orders to defendants. In each instance there was an embargo in force against the point to which reconsignment was asked and compliance with the orders was refused. In consequence. of delay, demurrage and other charges accrued and were collected. The Interstate Commerce Commission held that demurrage and other charges accruing at reconsignment points were not collectible unless set out in the tariffs filed, and made the reparation order accordingly.

At the close of all the evidence each side moved the court for a directed verdict and did nothing more. The court denied the motion of plaintiff, and granted that of defendants without stating his reasons. Error is assigned to the action of the court just noted. No other errors are assigned or suggested.

[1, 2] While an order of the Interstate Com-

merce Commission is necessary in most instances before a recovery of overcharges may be had, it is not conclusive. The order of the Commission is prima facie evidence of the facts therein stated, but it establishes only a rebuttable presumption, and all the issues are open before the court and the jury as in other cases. And in the appellate court the evidence adduced before the Commission, if offered on the trial in the District Court, and any additional evidence properly received, may be considered in support of or to correct the findings stated in the order. Meeker v. Lehigh Valley R. Co., 236 U. S. 412, 430, 35 S. Ct. 328, 59 L. Ed. 644, Ann. Cas. 1916B, 691; Pennsylvania R. Co. v. W. F. Jacoby & Co., 242 U. S. 89, 37 S. Ct. 49, 61 L. Ed. 165; Pennsylvania R. Co. v. Weber, 257 U. S. 85, 42 S. Ct. 18, 66 L. Ed. 141.

[3] It is well settled that, where both parties ask the court for an instructed verdict without more, and error is assigned only to the rulings of the court on the motions, the appellate court must affirm if there is any evidence to support the verdict. Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654.

Turning to the record in this case, the bill of exceptions shows that the plaintiff offered in evidence what were denominated as Exhibits 1, 2, 3, 4, 5, and 6, while defendants offered Exhibits 7, 8, 9, 10, 11, and 12. The exhibits offered by plaintiff, speaking generally, were certified copies of orders made by the Interstate Commerce Commission and a copy of a certain rule of that Commission. The exhibits offered by the defendant consisted of the pleadings, some 200 pages of testimony, and copies of tariffs and other documents, all of which were before the Commission at the hearing from which the reparation order resulted, and certain correspondence and an affidavit from a witness, Tracey, introduced in the District Court. The bill of exceptions concludes with this statement:

"The plaintiff's exhibits, referred to as Exhibit No. 1, Exhibit No. 2, Exhibit No. 3, Exhibit No. 4, Exhibit No. 5, and the Defendants' Exhibit No. 12 are hereinafter set forth fully as a part of this bill of exceptions. By virtue of an order of the presiding judge, W. I. Grubb, Plaintiff's Exhibit No. 6 and the Defendants' Exhibits Nos. 7, 8, 9, 10, and 11, respectively, are omitted from this bill of exceptions in order that they may be sent by the clerk of the lower court, in compliance with the said order of the presiding judge, direct to the Court of Appeals."

Following this in the transcript appears an order of court and a stipulation signed by attorneys for both plaintiffs and defendants, as quoted below:

"It appearing to the court that in this cause it is necessary and proper, in the opinion of the court, that certain original papers and documents should be inspected in the Circuit Court of Appeals upon writ of error by said court: It is therefore ordered that the following papers, to wit: Exhibits 6 to 11, inclusive, referred to and described in the bill of exceptions—be transmitted by the clerk of this court to the clerk of the Circuit Court of Appeals at New Orleans, La., and returned after the disposition of the writ of error to the clerk of this court. * * *

"The parties to this cause by their respective counsel do hereby stipulate and agree as follows: That the Plaintiff's Exhibit No. 6 and that the Defendants' Exhibits 7, 8, 9, 10, and 11 may be omitted from the bill of exceptions, and sent by the clerk of the trial court direct to the Court of Appeals in their original form, and further that the exhibits need not be printed in the record. This agreement is made in conformity with an order of the trial court by the presiding judge that said exhibits, viz. 6, 7, 8, 9, 10, and 11, shall be omitted from the record, and sent direct by the clerk of the trial court to the Court of Appeals."

Conformable to the just quoted paragraphs, Plaintiff's Exhibit 6, about which we are somewhat in the dark, and Defendants' Exhibits 7, 8, 9, 10, and 11, consisting of all the evidence before the Commission, including, we presume, copies of the tariffs on file, and other evidence which was before the District Court, are not included in the bill of exceptions, and are not printed in the transcript, but the original documents are sent up in compliance with the order and agreement, but without anything to show they are made a part of the bill.

[4] Our rule 14, par. 4, provides:

"Whenever it shall be necessary or proper, in the opinion of the presiding judge in any District Court, that original papers of any kind should be inspected in this court upon writ of error or appeal, such presiding judge may make such rule or order for the safe-keeping, transporting, and return of such original papers as to him may seem proper; and this court will receive and consider such original papers in connection with the transcript of the proceedings."

In passing, we take occasion to say that the order transmitting part of the evidence in this case in the original should not have been granted. Agreement of counsel is no excuse for entering the order. The rule is in-

tended to permit the transfer to this court of disputed documents; maps and blueprints not readily copied; and models and exhibits impossible to incorporate in the printed record. It was never intended to permit the sending up of a mass of original documents that could have been copied in the printed record, for the purpose of saving expense, especially where, as in this case, it is patent that the material facts could have been culled out and incorporated in the record by a mere statement.

[5] From the above it is plain that all of the evidence upon which the case was tried is not in the bill of exceptions. The order of court sending up the documents in the original does not purport to make them a part of the bill of exceptions, the rule of this court could not incorporate them therein, and the agreement of counsel expressly excludes them.

[6, 7] As applicable to the deficiency of the record here shown, the well-settled rule is this: Depositions, exhibits, or certificates not contained in the bill of exceptions cannot be considered, even though found in the printed transcript. The parties by their affidavits or agreements cannot cause that to become a bill of exceptions which is not such in a legal sense. Where instructions of the court are assigned as error on a motion to direct a verdict or otherwise, unless the entire evidence pertinent to the question is in the bill, the appellate court must presume that the omitted evidence justified the instruction. Russell v. Ely, 2 Black, 575, 17 L. Ed. 258; Reed v. Gardner, 17 Wall. 409, 21 L. Ed. 665; U. S. v. Copper Queen Mining Co., 185 U. S. 495, 22 S. Ct. 761, 46 L. Ed. 1008; Nashua Sav. Bank v. Anglo-Am. Mortg. Co., 189 U. S. 221, 23 S. Ct. 517, 47 L. Ed. 782; Metropolitan R. Co. v. Dist. of Columbia, 195 U. S. 322, 25 S. Ct. 28, 49 L. Ed. 219; U. S. ex rel. Kinney v. U. S. Fidelity Guarantee Co., 222 U. S. 283, 32 S. Ct. 101, 56 L. Ed. 200.

In view of the state of the record, we are unable to review the judgment of the District Court.

Affirmed.