**ATLANTIC COAST LINE R. CO. et al. v. SMITH BROS., Inc.**

No. 6608.

Circuit Court of Appeals, Fifth Circuit.

March 6, 1933.

Rehearing Denied April 4, 1933.

Robert B. Holland, of Dallas, Tex., for appellants.

A. L. Reed, of Dallas, Tex., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellee made through shipments into Florida over the lines of the carrier appellants. No joint through rate having been established, the shipments moved under a three-factor combination through rate, made up of (1) the class A rates to New Orleans or Memphis, or fifth class to Evansville (2) and (3) the sixth class rate to and beyond Jacksonville, Fla. Claiming that the through rate was excessive to the extent that the third factor, the sixth class rate beyond Jacksonville, exceeded the contemporaneous class N rate, appellee filed reparation proceedings against all of the carriers, and obtained awards against them all.

This appeal is from a judgment on an instructed verdict for plaintiff in a suit brought to compel the payment of these awards. All of the carriers assert error in the finding that there was an overcharge. The initial and connecting carriers claim in addition that the overcharge was not their act, but the act of the terminal carrier which collected the freight, and that since they neither published nor exacted the improper rate they cannot be held liable. They assert that the cause of action is of statutory origin, and "that the effect of section 8, Comp. Stat. § 8572 [49 USCA § 8], for the violation of which this suit was brought, is not to make carriers partners in responsibility, each for the acts of the others, but to make each responsible for what it unlawfully does." They argue that just as only carriers who participate in discriminations are liable for such discriminations even under a through contract of carriage, Central R. Co. v. United States, 257 U. S. 247, 42 S. Ct. 80, 66 L. Ed. 217, so carriers are not responsible for illegal rate exactions unless they have joined in promulgating incorrect rates, or in exacting them. Louisville & N. R. Co. v. Sloss-Sheffield Steel & Iron Co., 269 U. S. 217, 46 S. Ct. 73, 70 L. Ed. 242. That since in this case no joint rate was promulgated but the through rate was made up of a combination of locals, which had they been applied as the Commission now finds they ought to have been, would have resulted in no overcharge, the other carriers cannot be held liable for the act of the terminal carrier in collecting more than it should have done.

The general assignment that there was error in the finding that an unlawful rate had been exacted is overruled on the authority of Atl. Coast Line R. Co. v. Atlantic Bridge Co. (C. C. A.) 57 F. (2d) 654. The other assignment that there was error in condemning the

initial and the connecting, as well as the terminal carrier, to pay the award, must, we think, also be overruled, for the record is without any evidence that the terminal carriers, in collecting the through rate, acted on their own initiative, or collected more or other than the rate consented to by the initial and intermediate carriers.

The entire evidence consists of the findings of the Commission that the carriers exacted an unlawful through rate, the orders of reparation, the freight bills showing the collection of that rate, proof of the costs which plaintiff had been put to, and that a fee of $250 was reasonable for bringing and carrying the suit to conclusion. The connecting carriers, the Mobile & Ohio, and the Louisville & Nashville, though duly served, did not appear. The initial and the terminal carriers appeared, and stipulated that "the total freight charges for the entire transportation were collected at their destination by the delivering carrier." One only of the carriers, the T. & P., offered to prove that it got only the rate which it would have been entitled to under the tariff. Neither the bills of lading, nor any of the documents under which the shipments moved, nor any correspondence with the carriers relating to them, was offered, nor was there any evidence rebutting or tending to rebut the findings of the Commission that the collection of the freight by the terminal carrier was the joint act of them all.

On the part of appellee it is claimed that the findings and orders of the Commission establish that each shipment had been undertaken as a through shipment, and for a through rate, a combination of the locals, that the carriers jointly exacted an improper and illegal rate, and that the prima facie case thus made was met by no countervailing proof.

Appellants insist that the stipulation that the charges for the entire transportation were collected at destination by the delivering carrier rebuts this case as to all the carriers, and that, if it does not, the offered proof on the part of the T. & P. that it received only its legal part of the rate rebuts it as to the T. & P.

■■■ We think appellee is right, that the findings and orders of the Commission made an unrebutted case for it. The prima facie effect which the statute accords to the findings and orders of the Commission (Meeker v. Lehigh Valley R. Co., 236 U. S. 412, 35 S. Ct. 328, 59 L. Ed. 644, Ann. Cas. 1916B, 691; Pennsylvania R. Co. v. Weber, 257 U. S. 85, 42 S. Ct. 18, 66 L. Ed. 141; Blair v.

Cleveland, C., C. & St. L. R. Co. (D. C.) 45 F.(2d) 792; Florida v. U. S., 282 U. S. 194, 51 S. Ct. 119, 75 L. Ed. 291) is of course rebuttable [So. R. Co. v. Eichler (C. C. A.) 56 F.(2d) 1010, 1018; Kanawha Black Band Coal Co. v. Chesapeake, O. R. Co., 107 W. Va. 469, 148 S. E. 855], but until rebutted it does make out a case. The findings and order in this case did not, as they did in Midwest Ref. Co. v. Gt. Northern R. Co., 122 I. C. C. 205; Burns & Knapp v. Big Sandy & K. R. R. Co., 126 I. C. C. 410; Gulf Coal Co. v. Virginian R. Co., 140 I. C. C. 657, condemn only the part of the rate for the short haul and not the through rate from origin to destination. In those cases the Commission expressly found that the fault was entirely with the terminal carrier in making an unjust exaction as to the rate on its line, and that the other carriers did not contribute to the injury. Here, on the contrary, the effect of the finding is as it was in the Kanawha Black Band Coal Co. Case supra, Nelson Fuel Co. v. Chesapeake & Ohio R. Co., 120 I. C. C. 726, Mason City Brick & Tile Co. v. A., T. & S. F. R. Co., 148 I. C. C. 266, to condemn the through rate made up of the combination as unjust, and to find that all the carriers had participated in that injustice.

It is the settled rule of the Commission that, "if a through rate, joint or combination, is found unreasonable and reparation is awarded the order entered runs against the carriers, collectively, that participated in the transportation." Pinson Brokerage Co. v. C. & G. R. R. Co., 89 I. C. C. 126; Hansen-Peterson Co. v. A., T. & S. F. R. Co., 113 I. C. C. 575; Illinois Powder Co. v. Chicago, P. & St. L. R. Co., 165 I. C. C. 127. This rule has the approval of the courts. Louisville & N. R. Co. v. Sloss-Sheffield Steel & Iron Co., 269 U. S. 217, 46 S. Ct. 73, 70 L. Ed. 242; News Syndicate Co. v. N. Y. Central R. Co., 275 U. S. 187, 48 S. Ct. 39, 72 L. Ed. 225; Lewis-Simas-Jones Co. v. So. Pac. Co., 283 U. S. 654, 51 S. Ct. 592, 75 L. Ed. 1333; Kanawha Black Band Coal Co. v. Chesapeake & O. R. Co., 107 W. Va. 469, 148 S. E. 855.

■■■ Appellants also contest the allowance against them in solido of attorney's fees, in view of the fact that the suit and the orders involved different shipments, and different carriers.

We think this objection well taken. The judgment should have fixed the attorney's fees separately as to the carriers involved in each of the reparation awards, and no doubt it would have done so if the request had been

made in the lower court. Since, however, the awards as to the separate carriers involve the same questions and differ only in amounts, and no objection was made in the court below to their taxing in solido, the judgment will be here reformed without costs to appellee, awarding one-half of the attorney's fees against the C. & A., M. & O., and the Seaboard Air Line, and the other one-half ⅓ against the T. & P., L. & N., and Atlantic Coast Line, and the other ⅔ against the T. & P., L. & N., and Seaboard Air Line.

As reformed, the judgment is affirmed.