## BALTIMORE & OHIO RAILROAD CO. ET AL. v. BRADY.

No. 526. Argued February 14, 15, 1933.—Decided March 13, 1933.

*Messrs. George. M. Hoffheimer* and *Eugene S. Williams,* with whom *Messrs. Charles R. Webber, E. A. Bowers,* and *Wm. C. Purnell* were on the brief, for petitioners.

*Mr. George T. Bell,* with whom *Mr. Samuel T. Spears* was on the brief, for respondent.

450

452

MR. JUSTICE BUTLER delivered the opinion of the Court.

This is an action brought by respondent in the federal district court for northern West Virginia against petitioners in consequence of their failure to comply with a reparation order of the Interstate Commerce Commission. It directed them to pay to plaintiff $12,838.31 damages found to have been sustained by reason of undue prejudice to which they had subjected him in respect of furnishing cars for the transportation of coal from his mine. He sought judgment for $57,735.11 together with interest, costs and an attorney's fee. Defendants demurred to the complaint generally and also specifically upon the ground that plaintiff was not entitled to recover more than the award. The demurrers were overruled and, issue having been joined, there was a trial by jury which resulted in a verdict and judgment in favor of plaintiff for $63,048.60, not including attorney's fee, as to which all questions were reserved. The Circuit Court of Appeals affirmed. 61 F. (2d) 242.

There is no bill of exceptions,[1] and we are called on to decide whether the facts alleged in the complaint, of which the reports and order of the Commission are a part, are sufficient to sustain the judgment. The substance of plaintiff's claim as thus shown is as follows:

Between October 14, 1922, and April 1, 1923, he operated a coal mine on a branch of the Baltimore & Ohio railroad over which the Western Maryland had trackage rights. His mine was located between two mines operated by a competitor and served by both defendants. During that period there was a shortage of coal cars.

For the rating of, and the distribution of coal cars among, mines on their respective lines, each of the defendants established and maintained in force certain rules and regulations. These required that during periods of coal-car shortage the cars available for loading should be distributed pro rata among the mines in accordance with their ratings. They also permitted the operator of " any mine reached by two railroads to order 100 per cent or less of its rating from either of the said railroads, or to divide the orders between the two railroads in any way which the judgment of the operator dictated, provided the combined orders did not exceed 100 per cent of the rating of the mine; and the mine was entitled to receive its pro rata share of the available cars on the basis of such orders and to ship the coal loaded therein via the railroad which furnished the cars."

The Baltimore & Ohio furnished a smaller percentage of cars ordered than did the Western Maryland. Plaintiff's mine was being served exclusively by the former. Desiring to be served by the latter, he regularly ordered

---

[1] The district court found the proposed bill was presented out of time and refused to sign it. 56 F. (2d) 231. The Circuit Court of Appeals denied mandamus. 58 F. (2d) 627. This Court denied certiorari, *Baltimore & Ohio R. Co. v. Baker*, 287 U. S. 610.

from it 100 per cent. of his rating but with a single exception was furnished no cars. He complained to the defendants and was informed that his competitor was ordering 20 per cent. from the Baltimore & Ohio and 80 per cent. from the Western Maryland and that such a division of his orders would be acceptable to them. He rejected the offer, claiming the right to order from either or both as from time to time he might see fit. But he was denied the right so given his competitor.

He complained to the Commission that defendants thus subjected him to undue prejudice. The Commission so found.[2] And it held the case open to permit him to file a petition for further hearing as to the amount of damages, if any, sustained by him. 112 I. C. C. 244. And see 102 I. C. C. 19. Plaintiff upon such hearing claimed that the cost of mining the coal that he shipped had been increased $9,283.14 and that his loss of profits was $48,451.97, making a total of $57,735.11. Defendants while denying liability did not controvert these figures. The Commission found that if plaintiff had accepted defendant's offer his increased mining costs would have been only $2,225.49 and his loss of profits but $10,612.82, making in all $12,838.31, and that he was entitled to reparation in that amount together with interest. It directed that, within 60 days, defendants pay that sum. 152 I. C. C. 327. They refused to do so.

The complaint attacks the award on the ground that as a matter of law the Commission erred in ruling that in order to lessen his loss plaintiff was bound to accept de-

_____

[2] " The acts and practices of defendants whereby they accorded Maryland service to the mines of the West Virginia Coal & Coke Company located on the Coalton branch of the B. & O. Railroad Company during the period from October 14, 1922, to April 1, 1923, while failing to accord similar service to complainant's mine located intermediate thereto resulted in undue prejudice to complainant in the matter of car supply." 112 I. C. C. 251.

fendants' offer. It asserts that the reduction of his claim upon that ground was beyond the power of the Commission and therefore null and void.[3]

The Interstate Commerce Act declares it unlawful for a carrier to subject any person or traffic to any undue or unreasonable prejudice or disadvantage (§ 3) and imposes upon carriers liability for the full amount of damages sustained by any person in consequence of any such violation of the Act. § 8. A person so injured may either make complaint to the Commission or bring suit for damages in a district court; but he shall not have the right to pursue both remedies, and must elect which method he will adopt. § 9. If the Commission shall determine that complainant is entitled to an award of damages it shall make an order directing the carrier to pay to him the sum to which he is entitled on or before a day named. § 16 (1). If the carrier does not comply with such order, the complainant may file in the United States district court or in any state court a petition " setting forth briefly the causes for which he claims damages, and the order of the commission in the premises. Such suit in the district court of the United States shall proceed in all respects like other civil suits for damages, except that on the trial of such suit the findings and order of the commission shall be prima facie evidence of the facts therein stated." § 16 (2).

Questions as to the reasonableness of rules and regulations governing the distribution of coal cars in periods of shortage are for the Commission. And until found unreasonable by it, a shipper may not maintain an action in any court against a carrier upon the claim that any such rule or regulation was unreasonable and that through

---

[3] Plaintiff brought suit against the United States and the Commission to secure a decree directing the Commission to correct its findings in respect of damages. The district court dismissed the bill, 43 F. (2d) 847, and this Court affirmed. 283 U. S. 804.

its enforcement he sustained loss or damage. *Morrisdale Coal Co.* v. *Penna. R. Co.,* 230 U. S. 304, 313. But if the rule, regulation or practice of the carrier is not attacked and the shipper's claim is grounded upon its violation or discriminatory enforcement, there is no administrative question involved. In such cases the court is required merely to decide whether the carrier has departed from its established standard. The decision does not concern the reasonableness or validity of the rule itself and it has no tendency against uniformity or other purpose of the Act. Suits for damages upon such grounds may be prosecuted without action or finding by the Commission. *Penna. R. Co.* v. *Puritan Coal Co.,* 237 U. S. 121, 131–134. *Ill. Cent. R. Co.* v. *Mulberry Coal Co.,* 238 U. S. 275, 282–283. *Penna. R. Co.* v. *Sonman Coal Co.,* 242 U. S. 120, 124.

The facts stated in the complaint clearly show that there was no question in this case requiring the exercise of the Commission's administrative powers. Plaintiff's mine was in the same class as the mines of its competitor. It was entitled to have a supply of cars from either or both defendants as it saw fit. Cf. *United States* v. *New River Co.,* 265 U. S. 533, 542. His claim for damages does not rest upon defendants' adherence to or enforcement of their rule but upon their refusal to furnish him cars in accordance with the rule. Therefore, without any prior action on the part of the Commission, plaintiff was entitled under §§ 8 and 9 to maintain an action at law for the full amount of damages sustained by him on account of the undue prejudice to which he claims to have been subjected by defendants.

But having elected to seek relief through the Commission, plaintiff is not entitled to recover more than the amount of the award.

This is not a suit authorized by § 9 but one brought under § 16 (2) because of defendants' refusal to comply with the Commission's order. Subject to the right of

contestation preserved by the Act (*Meeker* v. *Lehigh Valley R. Co.,* 236 U. S. 412, 430) it is a suit for the enforcement of the award. § 16 (3) (f). *Lewis-Simas-Jones Co.* v. *Southern Pacific Co.,* 283 U. S. 654, 661. Section 16 (2) does not permit suit in the absence of an award, and if the Commission denies him relief, a claimant is remediless. *Standard Oil Co.* v. *United States,* 283 U. S. 235. *Brady* v. *United States,* 283 U. S. 804. *Bartlesville Zinc Co.* v. *Mellon,* 56 F. (2d) 154. No suit is permitted if the carrier pays the award. *Louisville & N. R. Co.* v. *Ohio Valley Tie Co.,* 242 U. S. 288. Cf. *Penna. R. Co.* v. *Clark Coal Co.,* 238 U. S. 456. Plaintiff may not adopt the award as the basis of his suit and then attack it. Cf. *Mitchell Coal Co.* v. *Penna. R. Co.,* 230 U. S. 247, 258.

The fact that the Act merely makes the findings and report of the Commission *prima facie* evidence and so preserves the defendant's right to contest the award gives no support to plaintiff's contention that it does not bind him. It is to be remembered that, by electing to call on the Commission for the determination of his damages, plaintiff waived his right to maintain an action at law upon his claim. But the carriers made no such election. Undoubtedly it was to the end that they be not denied the right of trial by jury that Congress saved their right to be heard in court upon the merits of claims asserted against them. The right of election given to a claimant reasonably may have been deemed an adequate ground for making the Commission's award final as to him. Confessedly, it is final save when carriers refuse to pay within the time allowed. If by such a suit plaintiff may obtain a trial *de novo* or a revision of the award, the provisions of § 9 requiring election and prohibiting pursuit of both remedies would be set at naught in cases in which carriers refuse to pay and would be given effect in all other cases. There is no support for such a distinction. The

construction for which plaintiff contends cannot be sustained. He is bound by the award.

Defendants insist that plaintiff not only was limited in recovery by the amount of the award but that he suffered no discrimination. The latter contention is without merit. The allegations of the complaint comply with the requirements of § 16 (2) and are clearly sufficient to sustain a judgment against the defendants for the amount of the award together with interest, costs and a reasonable attorney's fee to be taxed and collected as a part of the costs of the suit.

The judgment of the Circuit Court of Appeals is reversed. The case is remanded to the district court for proceedings in accordance with this opinion.

*Reversed.*