### CARROLLTON EXCELSIOR & FUEL CO., Limited, v. NEW ORLEANS & N. E. R. CO.

No. 6949.

Circuit Court of Appeals, Fifth Circuit.
April 9, 1934.

Rehearing Denied May 4, 1934.

692

W. J. Waguespack, Herbert W. Waguespack, and L. F. Daspit, all of New Orleans, La., for appellant.

J. Blanc Monroe, Monte M. Lemann, and Walter J. Suthon, Jr., all of New Orleans, La., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

The suit is for damages for loss of profits, loss of credit, and destruction of plaintiff's business. The jurisdictional grounds are that defendant has inflicted these damages on plaintiff by deliberately instituting, publishing, and applying unjust, unreasonable, and discriminatory interstate tariffs and practices. The claim is that to favor plaintiff's competitor, an excelsior manufacturer at Basic, Miss., defendant carried raw material, wood, for it on an unreasonably low intrastate rate of 2½ cents per 100 pounds, while publishing and applying to plaintiff's shipments of wood from the same Mississippi points to New Orleans an unreasonably high interstate rate of 10½ cents per 100 pounds, and in addition, a switching charge of $5.85 per car. That though the Commission had found that an excelsior rate of 27 cents per 100 pounds was too low, defendant carried its competitor's excelsior to New Orleans, plaintiff's natural market, at the unreasonably low rate of 19½ cents per 100 pounds with no switching charge. That this is considerably less than the rate applied in the reverse direction from New Orleans to Mississippi points, and, finally, that while charging plaintiff 10½ cents per 100 pounds on its wood shipments, it was applying a different and more favorable tariff to shipments of wood for others from the same points.

Suing for the profits it lost in its business in 1928, 1929, 1930, and 1931 based on the profits it earned in 1927, a total of $18,121.50, for the value of the plant $30,630.80, and for loss of credit $25,000, it laid its total damages at $73,752.30. By amendment plaintiff plead further that it had filed a complaint with the Commission in October, 1928, against the wood rates then in force, which complaint was in 1929 dismissed by the Commission. That before that complaint had been acted upon the defendant had raised its rate to 10½ cents. That plaintiff had filed a new complaint attacking that rate, but not suing for damages, and defendant had answered it admitting the unreasonableness of the rate and agreeing to desist from charging it.

Defendant challenged the jurisdiction of the court by exceptions and pleas. It urged that as plaintiff's suit was for damages resulting from the application to it of published tariffs and practices claimed to be unreasonable and discriminatory, it was one for the exclusive primary jurisdiction of the Interstate Commerce Commission. It insisted that the suit could not be maintained because the questioned tariffs and practices had not first been, as required by law, submitted to the administrative judgment of the Commission for its findings. It pointed out in its pleas and established by its proof that the Commission had rejected plaintiff's claims of unreasonableness and discrimination as to some of the years involved in this suit, and had dismissed its complaint as to them. 157 I. C. C. 199. It plead and proved too, that the very discriminations complained of in this suit as the result of discrepant rates on wood were complained of by plaintiff, Docket 24244 I. C. C., and that that complaint is still pending there undetermined, except as to the single carload of wood shipped at the 10½-cent rate, as to which defendant has confessed error and made refund.

The evidence offered on these pleas further showed that the proceedings relied on by plaintiff, Investigation & Suspension Docket No. 3048, 146 I. C. C. 664, as establishing that an excelsior rate of 27 cents per 100 pounds from Basic, Mississippi to New Orleans decided no such thing. That proceeding did not purport to fix minimum rates. It merely at first suspended, and later canceled as too high a proposed schedule of ratings in Southern classifications on hay, straw, wood excelsior, and other products. The testimony of plaintiff's president was to the effect that plaintiff has shipped over defendant's line only "about five carloads" of wood altogether; that as to only one of them was the 10½-cent rate charged, and that refund has been made on that.

The District Judge thought the case involved primarily the investigation into and the determination of the reasonableness of rates and practices absolutely and in relation, interstate and intrastate. He thought it peculiarly one for the primary jurisdiction of the Commission. He sustained the exceptions and pleas to the jurisdiction.

We think he was right. Plaintiff's suit is not as Price's was, Am. Ry. Express Co. v. Price Bros. (C. C. A.) 54 F.(2d) 67, a suit to recover overcharges resulting from the wrong application of published rates. Its suit questions the reasonableness of the rates in themselves and in their relation to others. It requires for its just settlement a consideration and determination of questions peculiarly administrative in their nature. Particularly is this so as regards the claim plaintiff makes that the intrastate rates accorded its competitor are discriminatory in the light of the interstate rates plaintiff must ship by. Board of Railroad Com'rs v. Great Northern R. Co., 281 U. S. 412, 50 S. Ct. 391, 74 L. Ed. 936; United States v. Louisiana, 290 U. S. 70, 54 S. Ct. 28, 78 L. Ed. ——. Plaintiff's insistence that the proceedings already taken by the Commission have settled all administrative questions, making this judicial proceeding appropriate, will not do. Nothing decided in any of them furnishes any basis for proceeding judicially. Nothing short of a direct and explicit determination that the rates and practices plaintiff complains of were unjust and unreasonable in themselves, and in relation to each other, will suffice. No such decision has been made. Texas & P. R. Co. v. Abilene Cotton Oil Co., 204 U. S. 426, 27 S. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075, was more than the decision of a case. It laid down principles having germinative and expansive power. Subsequent decisions following its lead have in the application of its principles to new facts broadened and expanded them.

Robinson v. Baltimore & O. R. Co., 222 U. S. 506, 32 S. Ct. 114, 56 L. Ed. 288; Mitchell Coal & Coke Co. v. Pennsylvania R. Co., 230 U. S. 247, 33 S. Ct. 916, 57 L. Ed. 1472; Great Northern R. Co. v. Merchants' Elevator Co., 259 U. S. 285, 42 S. Ct. 477, 66 L. Ed. 943; Keogh v. Chicago & N. W. R. Co., 260 U. S. 156, 43 S. Ct. 47, 67 L. Ed. 183; Midland Valley R. Co. v. Barkley, 276 U. S. 482, 48 S. Ct. 342, 72 L. Ed. 664; Standard Oil Co. v. United States, 283 U. S. 235, 51 S. Ct. 429, 75 L. Ed. 999; Lewis-Simas-Jones Co. v. Southern Pacific Co., 283 U. S. 654, 51 S. Ct. 592, 75 L. Ed. 1333; U. S. Navigation Co. v. Cunard Steamship Co., 284 U. S. 474, 52 S. Ct. 247, 76 L. Ed. 408; Baltimore & O. R. Co. v. Brady, 288 U. S. 448, 53 S. Ct. 441, 77 L. Ed. 888; Famechon Co. v. Northern Pacific R. Co. (C. C. A.) 23 F.(2d) 307; U. S. Navigation Co. v. Cunard Steamship Co. (C. C. A.) 50 F.(2d) 83.

These authorities leave in no doubt that as now cast, plaintiff's suit, compounded as it is of claims of prejudice and damage from published rates and practices alleged to be unjust and unreasonable in themselves, and unjust, unreasonable, and discriminatory in relation to others, is not one for the courts, but for the Commission. They make it clear that unless and until plaintiff obtains administrative findings condemning the rates and practices it complains of as unjust and discriminatory, it must sue for its damages before the Commission; it may not seek them in the courts.

The judgment is affirmed.