**J. D. PITTMAN TRACTOR CO., Inc.**

v.

**UNITED STATES et al.**

**No. 7179.**

United States District Court
N. D. Alabama, S. D.
May 4, 1954.

C. Eugene Fowler, Birmingham, Ala., for plaintiff.

Allen Crenshaw, Associate Chief Counsel, Washington, D. C., for Interstate Commerce Commission.

Frank M. Johnson, Jr., U. S. Atty., Birmingham, Ala., and James E. Kilday, Sp. Asst. to Atty. Gen., Dept. of Justice, Washington, D. C., for United States.

GROOMS, District Judge.

This action is instituted against the United States and the Interstate Commerce Commission. The averments are that it is "a *motion* seeking to set aside and annul a final order of the Interstate Commerce Commission—the *motion* seeking also an order to remand the cause to the Commission." The Alabama Great

Southern Railroad Company intervened. Intervenor, the Commission and the plaintiff have each moved for a summary judgment.

On June 18, 1951, plaintiff filed a complaint with the Commission, alleging that the railroads named as defendants therein had, in violation of Title 49 U. S.C.A. § 6(7), exacted from it charges covering the transportation of numerous shipments of "internal-combustion-engined tractors or parts thereof, or appurtenances thereto \* \* \* and other goods, wares, and merchandise," from Peoria, Illinois, to Birmingham, Alabama, in excess of the proper rates provided by the rating in Items Numbers 27145, 28685, 28695, and 28710 of Consolidated Freight Classification No. 18, Agent A. H. Greely's I.C.C.–O.C. No. 62, or Supplements thereto, or successive reissues thereof. On September 10, 1951, the original complaint was amended to claim overcharges on one additional "lot or shipment or carload of iron or steel parts and other parts or appurtenances for tractors."

The defendants in that case contended that the applicable charges were correctly determined upon the basis of a carload exception rating provided in Item 740 of Exceptions to Southern Classifications No. 90–B, Agent R. G. Raasch's I.C.C. No. 614.

In short, the question there presented was whether the tractors and parts came under the lower general classification rates or under the higher exception rates. The Commission, after stating that this was the sole issue for determination, held that the shipments were embraced within descriptions 2 and 4 of Item 740 of the exception rates, and denied plaintiff's claim for reparations.

The Commission and intervenor interpose Section 9 of Title 49, U.S.C.A., as a bar to the jurisdiction of this court. This section, in material part, provides that:

> "Any person or persons claiming to be damaged by any common carrier subject to the provisions of this

chapter may either make complaint to the commission as hereinafter provided for, or may bring suit in his or their own behalf for the recovery of the damages for which such common carrier may be liable under the provisions of this chapter, in any district court of the United States of competent jurisdiction; but such person or persons shall not have the right to pursue both of said remedies, and must in each case elect which one of the two methods of procedure herein provided for he or they will adopt. * * *"

In United States v. Interstate Commerce Commission, 337 U.S. 426, 69 S. Ct. 1410, 1416, 93 L.Ed. 1451, the Supreme Court held that a claim for damages under Section 9 was subject to challenge under 28 U.S.C.A. § 41(28) (now 1336). During the war period, the tariffs of many railroads embodied wharfage charges. When the Government took over certain piers at Norfolk, Virginia, it began to perform the wharfage services for itself and requested the railroads to make an allowance for the expenses incurred. This the railroads refused to do. Following which the Government requested the railroads to perform the services themselves. The railroads refused to perform such services. The Court, in its differentiation of Standard Oil Co. (Indiana) v. United States, 283 U.S. 235, 51 S.Ct. 429, 75 L. Ed. 999, said:

"Another reason for the Court's construction of § 9 in the Standard Oil case was that Standard's damage claim could have been adjudicated by a district court since *it involved no question as to reasonableness of rates that called for exercise of the Commission's primary jurisdiction.* The importance of this factor was emphasized by this Court in applying the Standard Oil construction of § 9 in Baltimore & O. R. Co. v. Brady, 288 U.S. 448, 458–459, 53 S. Ct. 441, 443, 77 L.Ed. 888. * * *

"* * * a crucial support for the Court's holding in the Standard

Oil and Brady cases was that the shippers in those cases could have commenced original § 9 actions in the district court. But it has been established doctrine since this Court's holding in Texas & P. R. Co. v. Abilene Cotton Oil Co., 204 U.S. 426, 27 S.Ct. 350, 51 L.Ed. 553, that *a shipper cannot file a § 9 proceeding in a district court where his claim for damages necessarily involves a question of 'reasonableness' calling for exercise of the Commission's primary jurisdiction.* The Government's claim here does involve such a question of 'reasonableness.' For the allowances exacted from the Government were authorized in the railroads' published tariffs and were therefore not unlawful unless 'unreasonable.'" (Emphasis supplied.)

Further in the course of its opinion, the Court, referring to Ashland Coal & Ice Co. v. U. S., D.C., 61 F.Supp. 708, and again adverting to the Standard Oil case, employed the following language:

"We cannot accept the Ashland Coal Co. per curiam holding nor the Standard Oil case on which it rested as requiring the interpretation of § 9 which the railroads and Commission here urge. Our acceptance of that interpretation would mean that a shipper who submitted to the Commission only a question of the reasonableness of rates could have an adverse order reviewed by a court, Skinner & Eddy Corp. v. United States, 249 U.S. 557, 562–563, 39 S.Ct. 375, 377, 63 L.Ed. 772, while a shipper who asked for that administrative determination plus reparations could get no judicial review at all.

"* * * Accordingly we hold that § 9 does not impair the right of shippers to obtain judicial review of adverse Commission orders under § 41(28) merely because the order is sought as a basis for reparations."

That United States v. I. C. C. sanctions the disposition of damage claims under Section 9, where there is involved no issue as to the reasonableness of rates, by considering a Commission order denying the claim as final and not subject to court review, is the understanding of the minority, as expressed in their opinions, 337 U.S. at page 463, 69 S.Ct. at page 1430:

"* * * The Court concedes that § 9 is a bar when a shipper could have gone in the first instance to the courts. This was so ruled in Baltimore & O. R. Co. v. Brady, 288 U.S. 448 * * *. Moreover, the result of the Court's decision is to make the Commission's decision final in those instances where the Commission is acting purely judicially—merely a matter of applying the law to the facts—but not final when the Commission, acting in the realm of its administrative expertness, found a practice legal, and therefore denied damages."

There is here no question as to the "reasonableness" of the rates, involving an exercise of the Commission's "primary jurisdiction." The only question presented is that of the application of one of two rates. Here we have "merely a matter of applying the law to the facts." This question could have been adjudicated by this court had the plaintiff elected to file its suit here. The lawfulness of the Commission order relates only to the legal correctness of its denial of the reparations claimed in the suit filed before the Commission. If that suit had embraced both the issue of *reasonableness of the rates* and *that of reparations,* this court would have jurisdiction under United States v. I. C. C., supra. Such is not this case. Where, as here, the question is one involving solely the application of rates, and thus not involving the primary jurisdiction of the Commission, and where, as here, the suit could have been brought in this court in the first instance, this court will not, in the face of Section 9, sit as a reviewing court to correct procedural errors or to

pass on the legal correctness of the Commission's denial of reparations.

It is, therefore, ordered, adjudged and decreed that the motions of the defendant and the intervenor for summary judgment be and the same are hereby granted and that judgment be and same is hereby entered in favor of the defendant, Interstate Commerce Commission, and intervenor, Alabama Great Southern Railroad Company. Since this judgment in favor of the Commission disposes of all issues as to the defendant, United States, judgment be and same is hereby entered in favor of the United States.