**RELIANCE STEEL PRODUCTS COMPANY, a corporation,**

v.

**The UNITED STATES of America, The Interstate Commerce Commission and The Baltimore and Ohio Railroad Company.**

Civ. A. No. 12646.

United States District Court
W. D. Pennsylvania.

March 4, 1957.

Markel & Markel, Pittsburgh, Pa., Malcolm D. Miller, Washington, D. C., for plaintiff.

Thomas Shannon, Asst. U. S. Atty., Pittsburgh, Pa., George T. Rita, Sp. Asst. U. S. Atty., Dept. of Justice, Washington, D. C., for defendant, United States of America.

C. H. Johns, Asst. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for defendant, Interstate Commerce Commission.

Eugene E. Hunt, Baltimore, Md., Vincent Casey, Pittsburgh, Pa., for defendant, Baltimore & Ohio R. R. Co.

MARSH, District Judge.

This action was brought to enjoin, set aside, and annul an order of the Inter-

state Commerce Commission holding (1) that certain demurrage and penalty charges assessed by the carrier against the complainant were applicable, (2) that complainant was not entitled to a reparation award, and (3) that the procedure followed by the Interstate Commerce Commission in adjudicating the claim was proper.

Since the court is of the opinion that the order must be set aside on the procedural issue, the first two points need not be considered.

A complaint was filed with the Interstate Commerce Commission on April 9, 1953 alleging that the demurrage and penalty charges assessed by the defendant carrier were inapplicable and seeking a reparation award against it. The Commission ordered that the proceeding be handled under "modified procedure", 49 C.F.R. 1.5(k). Thereafter, the complainant filed with the Commission a memorandum of facts involved in the case, and the answer of the defendant carrier admitted these facts to be correctly stated. There was no oral evidence offered or received. After written arguments had been presented, the Commission notified both parties that "this proceeding will be referred to an examiner with a view to the preparation and service of a proposed report, to which exceptions and reply exceptions may be filed." It is conceded that the examiner to which the proceeding was referred was not a qualified hearing examiner appointed as provided in section 11 of the Administrative Procedure Act, 5 U.S.C. A. § 1010.

A proposed report was issued on November 3, 1953 by the Commission's examiner. It was then that complainant first learned that he was not a section 11 examiner. It promptly [1] filed exceptions to this proposed report, objecting that the examiner was not qualified and requesting the withdrawal of his report and issuance of one by a qualified examiner pursuant to the Administrative

Procedure Act. After oral argument, complainant's request was denied by the Commission. It also dismissed the complaint on the merits, agreeing with the conclusions of its examiner.

The problem thus presented is whether it was lawful for the Commission to appoint an unqualified examiner to adjudicate the merits of this complaint involving application of rates and seeking a reparation award against a carrier.

The Interstate Commerce Act, 49 U.S. C.A. § 13(1), provides that any person aggrieved by the action of a common carrier in violation of the Interstate Commerce Act may complain to the Commission. Sections 15 and 16 of the same title require full hearings to be given to such complainants.

Sections 5, 7 and 8 of the Administrative Procedure Act, where pertinent, provide:

"Sec. 5. [5 U.S.C.A. § 1004] Adjudication

"In every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing, *except to the extent that there is involved (1) any matter subject to a subsequent trial of the law and the facts de novo in any court;* (2) * * *.

"(a) * * *

"(b) Procedure.—The agency shall afford all interested parties opportunity for (1) the submission and consideration of facts, arguments, offers of settlement, or proposals of adjustment where time, the nature of the proceeding, and the public interest permit, and (2) *to the extent that the parties are unable so to determine any controversy by consent, hearing, and decision upon notice and in conformity with sections 7 and 8.*"

"Sec. 7. [5 U.S.C.A. § 1006] Hearings

---

1. The exceptions were filed on November 20, 1953 within 20 days of the issuance of the proposed report.

"In hearings which section 4 or 5 of this title requires to be conducted pursuant to this section—

"(a) Presiding officers.—There shall preside at the taking of the evidence (1) the agency, (2) one or more members of the body which comprises the agency, or (3) *one or more examiners appointed as provided in this Act;* * * *.

"(b) Hearing powers.—Officers presiding at hearings shall have authority, subject to the published rules of the agency and within its powers, to * * * (7) dispose of procedural requests or similar matters, (8) *make decisions or recommend decisions in conformity with section 8,* and (9) take any other action authorized by agency rule consistent with this Act."

"Sec. 8. [5 U.S.C.A. § 1007] Decisions

"In cases in which a hearing is required to be conducted in conformity with section 7—

"(a) Action by subordinates.—In cases in which the agency has not presided at the reception of the evidence, the officer who presided (*or, in cases not subject to subsection (c) of section 5, any other officer or officers qualified to preside at hearings pursuant to section 7*) shall initially decide the case or the agency shall require * * * the entire record to be certified to it for initial decision. * * *" (Emphasis supplied.)

The defendants contend that since the complainant elected to submit this claim to the Commission, it was a "matter subject to a subsequent trial of the law and the facts de novo" in court within the first exception of section 5 U.S.C.A. § 1004.[2] The Commission asserts in its brief that this "exemption * * * includes a proceeding in which a claim for reparation is denied as well as a proceeding where reparation is granted even though the order in the former is not subject to a trial de novo." Defendants also contend that since no oral hearing was held or requested, and modified procedure was utilized under the rules of the Commission, that a section 11, 5 U.S.C.A. § 1010, examiner was not required.

Addressing the first contention, it is to be observed that § 9 of the Interstate Commerce Act, 49 U.S.C.A. § 9 provides in part:

"§ 9. Any person or persons claiming to be damaged by any common carrier * * * may either make complaint to the commission * * * or may bring suit * * * for the recovery of the damages * * * in any district court of the United States of competent jurisdiction; but such person or persons shall not have the right to pursue both of said remedies, and must in each case elect which one of the two methods of procedure herein provided for he or they will adopt."

 The parties seem to be in accord that under this provision if a party aggrieved elects to pursue its claim for reparations before the Commission and an award is granted, upon attempted enforcement, the carrier is not bound but is entitled to a trial de novo in court,[3] except that the Commission's findings and order shall be prima facie evidence of the facts therein stated. 49 U.S.C.A. §

---

2. No contention has been made that the subject matter of the complaint is one of "primary jurisdiction" for the Commission, which is not subject to a subsequent trial de novo within the first exception contained in § 5(a) and thus obviating the necessity for a section 11 examiner. See: General American Tank Car Corp. v. El Dorado Terminal Co., 308 U.S. 422, 433, 60 S.Ct. 325, 84 L.Ed. 361; United States v. Western Pac. R.

Co., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126.

3. This assertion that the carrier is entitled to a trial de novo is based upon an explanatory statement in Legislative History, Administrative Procedure Act, Senate Doc. 248, 79th Congress, 2d Session, p. 22; but cf. Spano v. Western Fruit Growers, 10 Cir., 1930, 83 F.2d 150.

16.[4] On the other hand, it is clear that a complainant is bound by a negative order and is not entitled to a trial de novo in court. See: United States v. I. C. C., 337 U.S. 426, 69 S.Ct. 1410, 93 L.Ed. 1451; Baltimore & Ohio R. Co. v. Brady, 288 U.S. 448, 53 S.Ct. 441, 77 L.Ed. 888. In that event its only recourse is to seek judicial review of the agency action, the scope of which is limited. See § 10, 5 U.S.C.A. § 1009; §§ 1336 and 2321, Title 28 U.S.C.

Since a negative order is a matter which is not subject to a trial de novo, we are of the opinion that the hearing required by the Interstate Commerce Act, §§ 15 and 16, supra, is one that should be adjudicated pursuant to the Administrative Procedure Act,—that is to say, it is one "to be determined on the record after opportunity for an agency hearing", section 5(a), 5 U.S.C.A. § 1004 (a), and, because of the exemption contained in section 5(c), § 1004(c),[5] must be made initially by a section 11, § 1010, examiner in conformity with section 7, § 1006, and section 8, § 1007.[6] To hold to the contrary would deprive a complainant of the advantages and protection afforded him by the procedural statute in a reparation case involving application of rates.

It is evident that this particular type of case was deemed important enough to require the highest agency responsibility in the judicatory process. Thus, we are of the opinion that the quoted sections of the procedural statute indicate quite unmistakably that the initial decision "in determining applications for initial licenses or to proceedings involving the validity or application of rates, facilities, or practices of public utilities or carriers" should be made by an officer

having the requisite statutory independence.

In the instant case the Commission followed the recommendations of its unqualified examiner. It could be that a qualified examiner would reach different conclusions and make recommendations in favor of the complainant. In such an event, the value to complainant of a favorable initial decision or recommendation cannot be discounted.

Defendants' second contention, and the one on which the Commission's opinion seems to turn, necessarily requires an interpretation of the Administrative Procedure Act which would dispense with a section 11 examiner where no oral hearing is held, such as in proceedings conducted under the Commission's shortened or modified procedure. We do not agree. Section 8(a), supra, provides that "in cases in which the agency has not presided at the reception of the evidence, the officer who presided *(or, in cases not subject to subsection (c) of section 5, any other officer or officers qualified to preside at hearings pursuant to section 7 shall initially decide the case."* (Emphasis supplied.)

The exemption contained in section 5 (c) (quoted in footnote 5) provides that: "This subsection shall not apply * * * to proceedings involving the validity or application of rates, * * *." As this case is one involving application of rates, it was not subject to section 5(c), and section 8(a), supra, is a mandate that the initial decision shall be by an officer clothed with the responsibility of a hearing officer pursuant to section 7. And this is so even if non-hearing procedure is used. For section 7(c), 5 U.S.C.A. § 1006(c), provides that in "determining claims for money" the evidence may be

---

4. See Meeker & Co. v. Lehigh Valley R. Co., 236 U.S. 412, 35 S.Ct. 328, 59 L. Ed. 644.

5. Section 5(c), 5 U.S.C.A. § 1004(c): "This subsection shall not apply in determining applications for initial licenses or to proceedings involving the validity or application of rates, facilities, or

practices of public utilities or carriers; nor shall it be applicable in any manner to the agency or any member or members of the body comprising the agency."

6. Cf. Legislative History, Administrative Procedure Act, Senate Doc. 248, 79th Congress, 2d Session, pp. 361, 409.

submitted in written form and thus contemplates dispensing with an oral hearing. Likewise section 4, 5 U.S.C.A. § 1003, expressly provides for submission of written evidence, and section 5 (b), 5 U.S.C.A. § 1004(b), seems to contemplate adjudication without oral evidence if feasible. Various methods of hearing are used in justiciable cases: some may require oral hearing, some may be submitted on written evidence, others may be heard by considering legal arguments based upon stipulated facts; but the mere substitution of method of hearing should not be permitted to defeat the Act's salutary purpose of establishing confidence in agency adjudication in this particular type of case. Thus it is plain, we think, that the term "hearing" as used in the Act, and particularly in section 7, means more than a mere oral hearing and includes the modified procedure which the Commission ordered in this case. So construed, the initial decision made upon written admitted facts in a case such as this "involving the validity or application of rates" must be authored by a qualified examiner.

The case of Riss & Co., Inc., v. United States, D.C.W.D.Mo.1950, 96 F.Supp. 452 is significant on this point. Constitutional considerations rather than a statute required a hearing in that case. The hearing was conducted by a non-hearing examiner who admitted in evidence all testimony that the plaintiff offered on the decisive issue, and denied the application for a certificate of authority, in which the Commission concurred. The facts as alleged by the plaintiff were, for purposes of the decision, admitted. There was no issue of admissibility of evidence or credibility of witnesses involved, and the plaintiff admitted that the hearing was fair and the examiner competent. Yet the decision was reversed, Riss & Co., Inc., v. United States, 341 U.S. 907, 71 S.Ct. 620, 95 L.Ed. 1345, on the authority of Wong Yang Sung v. McGrath, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616, because the hearing officer was not qualified as prescribed by the Administrative Procedure Act. See also:

United States v. L. A. Tucker Truck Lines, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54.

It is the opinion of this court that the order of the Commission denying the plaintiff reparations should be set aside and the case remanded to the Commission for an initial decision or recommendation by a qualified hearing examiner appointed pursuant to section 11 of the Administrative Procedure Act.

It is so ordered.