MAGNET COVE BARIUM CORPORATION, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 11757.

United States District Court
S. D. Texas,
Houston Division.

April 8, 1959.

Judgment Affirmed Oct. 19, 1959.
See 80 S.Ct. 122.

5. For example, sign "A" on the drawing attached hereto is permitted; sign "B" is not permitted.

George C. Darr, Jr., Dallas, Tex., Leland D. Smith, Houston, Tex., and Sam Dawkins, Jr. and Frank A. Leffingwell, Dallas, Tex., for plaintiff.

Victor R. Hansen, Asst. Atty. Gen., James E. Kilday and Joseph V. Gallagher, Attorneys, Department of Justice, Washington, D. C., and William B. Butler, U. S. Attorney, Houston, Tex., for the defendant the United States.

Robert W. Ginnane, Gen. Counsel, and Francis A. Silver, Assoc. Gen. Counsel, Interstate Commerce Commission, Washington, D. C., for intervenor Interstate Commerce Commission.

Andrews, Kurth, Campbell & Bradley, Houston, Tex., and Eldon Martin and James A. Gillen, Chicago, Ill., for intervening railroads.

Before BROWN, Circuit Judge, and CONNALLY and INGRAHAM, District Judges.

CONNALLY, District Judge.

This action is one to enjoin and set aside a certain order of the Interstate Commerce Commission. It is filed pursuant to 28 U.S.C.A., §§ 1336, 1398, 2284, and 2321–2325. It was heard by a three-judge district court, convened under § 2284.

The plaintiff is Magnet Cove Barium Corporation, which ships by rail large quantities of ground clay, in bags, in carload lots from Greybull, Moorcroft and Upton, Wyoming, to Harvey, Louisiana. Defendant is the United States of America. The Interstate Commerce Commission, and the interested railroads, have intervened.

On October 31, 1955, this plaintiff filed a complaint with the Interstate Commerce Commission, alleging that the railroad rates upon such shipments of clay were unjust and unreasonable in amount, and were unduly prejudicial, in that rates to Buras, Louisiana, a station some 50 miles south of Harvey, and thus more distant from the point of origin, were less than those to Harvey. The Commission was requested to prescribe lawful rates, and to order reparation on certain designated earlier shipments.

The Commission directed that the complaint be handled under its "modified procedure", and pursuant thereto the parties filed their statement of fact, argument, etc. No oral hearing was held.

On June 14, 1956, Examiner H. B. Simpson, of the Commission's staff, to whom the matter had been assigned, filed a proposed report. His findings were that the rates had not been shown to be unjust and unreasonable, nor unduly preferential to Buras. He recommended that the complaint be dismissed.

On July 16, 1956, plaintiff filed exceptions to the proposed report, which were answered in due course by the defendants. Division 2 of the Commission, under date of June 6, 1957, issued its report (301 ICC 13), holding that the evidence offered by plaintiff failed to show that the questioned rates were unjust, unreasonable, or unduly prejudicial, and ordered the complaint dismissed.

On July 12, 1957, plaintiff filed "Petition for Reopening, Reconsideration and Modification". This was denied by the Commission, the order dated October 22, 1957.

On December 2, 1957, plaintiff filed yet another "Petition for Reopening and Further Hearing" which was denied by the Commission, order of March 4, 1958.

The proceeding in this Court was filed April 19, 1958.

■ It is unnecessary to dwell at length upon the contentions of the plaintiff with regard to the propriety of the questioned rates. Suffice it, for present purposes, to say that the question presented was one peculiarly within the area of the administrative body's expertise. Each finding found ample support in the

evidence, and, in the judgment of this Court, should remain undisturbed.

One question requires comment. Examiner H. B. Simpson was not a "qualified" examiner under § 11 of the Administrative Procedure Act (Title 5 U.S.C.A. §§ 1006–1010). Defendants and intervenors do not deny that the matter was one calling for consideration by a "qualified" examiner (Riss & Co. v. United States, 341 U.S. 907, 71 S.Ct. 620, 95 L.Ed. 1345; Reliance Steel Products Co. v. United States, D.C., 150 F.Supp. 118). It is equally clear that the objection to consideration by an unqualified examiner should be raised as soon as possible after the facts become known (or, with diligence, should be known), and that failure to raise the question in timely fashion constitutes a waiver thereof (United States v. L. A. Tucker Truck Lines, Inc., 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54). We hold that the plaintiff here waived the question.

Under the Commission's "modified procedure", no oral hearing was held before the examiner, and plaintiff contends—and rightly so—that it was unaware of the identity of the examiner to whom the matter was assigned until the proposed report was filed June 14, 1956. Plaintiff contends further that it did not learn that Mr. Simpson in fact was not "qualified" under the statute until long thereafter. Plaintiff has made no showing of record as to when it first acquired this information. In the course of the oral argument here, in answer to questions from the Court, counsel stated that it was very shortly after July 2, 1957, when he contacted the Chief Examiner of the Commission, who gave him this information.

On July 12, 1957, the Petition for Reopening, Reconsideration and Modification before the entire Commission was filed. This petition made no reference to the question of the unqualified examiner. In the further Petition to Reopen, filed December 2, 1957, the question was presented to the Commission for the first time, and the only time, and only to the extent herein noted.

It should be borne in mind that the report of Division 2 of June 6, 1957, and the order of October 22, 1957, by the full Commission, denying the first Petition to Reopen, had held that the plaintiff had not offered sufficient evidence to sustain its contentions. The import of the second Petition for Reopening (of December 16, 1957) was that new evidence was necessary, and that the matter should be reopened, to that end. The only reference there to the question of the initial submission to an unqualified examiner (if such language may be so characterized) is the following statement, contained under the heading "2. *New Evidence Necessary*."

"* * * We, therefore, request that the cause be reopened and assigned for further hearing before a qualified examiner to permit us to submit additional evidence concerning the following facts * * *."

and again in the prayer:

"Wherefore, we respectfully request that the case be reopened for further hearing before a qualified examiner to enable the parties to cure the deficiencies pointed out by Division 2."

Such language may not be construed as presenting, fairly and clearly to the Commission, the point that plaintiff was complaining that an examiner, whose appointment did not comply with the statute, had considered the matter in the first instance. The reference to the unqualified examiner is casual and ambiguous at best, and readily might be construed simply as a criticism of the examiner who made the findings adverse to plaintiff. Apparently the Commission did not construe the language as raising the point of law now before us, for no mention was made of the unqualified examiner question in the order of March 4, 1958.

Thus, plaintiff made no inquiry for more than 12 months; failed to raise the point in its motion to reopen of July 12, 1957; and gave the question most trite and superficial treatment in its motion of December 16, 1957.

The question has been presented to this Court with much force and emphasis. When this is compared with the treat-

ment it received before the Commission, the result is inescapable that it was raised there not in order to secure relief while the matter was before the Administrative body, but with an eye to review by the District Court.

■ Of the view, as we are, that the order of the Interstate Commerce Commission was supported by ample evidence, and that the error in submitting the matter to the unqualified examiner was waived by plaintiff, it follows that plaintiff is not entitled to the relief sought, and that the action should be dismissed.

*Clerk will notify counsel.*